This Court issued a writ of certiorari to review the denial of Cornelius Rice's Temp. Rule 20, Ala.R.Crim.P., petition.[1] The denial *Page 607 
of that petition was affirmed by the Court of Criminal Appeals, without opinion. Rice v. State, 555 So.2d 1205 (Ala.Crim.App. 1989). The questions presented are whether that denial violated Rice's due process rights and whether the State satisfied its burden of pleading under Rule 20.3.
Rice had been convicted of first degree robbery and had been sentenced to 20 years in the penitentiary. His conviction and sentence were affirmed by the Court of Criminal Appeals, without opinion. Rice v. State, 502 So.2d 405 (Ala.Crim.App. 1986), cert. denied, 514 So.2d 345 (Ala. 1987). Rice later filed this pro se Rule 20 petition, arguing that his conviction was due to be reversed because of a number of alleged violations of his constitutional rights that he claims occurred during his arrest and prosecution. In its response the State argued that Rice's petition should be dismissed because he had allegedly failed to state his grounds for relief with the specificity required by Rule 20.6(b). The State also made a general allegation that the petition should be denied "on grounds of preclusion as provided by Rule 20.2." It did not specify which one of the seven separate grounds of preclusion contained in Rule 20.2 it was arguing warranted a denial of Rice's petition.[2]
Rice filed a reply to the State's response, wherein he argued that his petition satisfied the specificity requirement of Rule 20.6(b) and repeated his request for relief. Rice also requested appointed counsel to assist him in the prosecution of his petition. However, no counsel was appointed for Rice, and the trial court issued an order denying his petition. The court apparently rejected the State's Rule 20.6(b) specificity argument, holding:
 "[Rice] is precluded from seeking relief under Rule 20, Alabama Rules of Criminal Procedure, based on the preclusion provisions of Rule 20.2; . . . the preclusion provisions are the sole basis for the denial of the [p]etition."
Rice contends that the denial of his petition on the basis of the State's broad Rule 20.2 allegation constitutes a denial of his right to due process. He maintains that the State's failure to allege a specific ground of preclusion deprived him of the notice to which he was entitled, thus making it impossible for him to disprove the existence of a ground of preclusion. In addition, he argues that the State's blanket allegation did not satisfy the burden of pleading assigned to the State by Rule 20.3, reproduced below:
"Rule 20.3 Burden of Proof.
 "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle him to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded the petitioner shall have the burden of disproving its existence by a preponderance of the evidence."
(Emphasis added.)
The State argues that Rice was not entitled to notice of the specific grounds of preclusion that it planned to rely on when it challenged his petition. The basis of that argument appears to be that the guarantees of the Due Process Clause of the Fourteenth Amendment that operate to protect defendants before their conviction do not also serve to protect individuals once a judgment of conviction has been entered. However, as Justice White stated in Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974):
 "If the [State's] position implies that prisoners in state institutions are without the protections of the Constitution and the Due Process Clause, it is plainly untenable. . . . [T]hough [a prisoner's] rights may be diminished by the needs and exigencies of the institutional environment, [he] is not wholly stripped of constitutional protections when he is imprisoned for crime. . . . [Prisoners] may *Page 608 
not be deprived of life, liberty, or property without due process of law."
Wolff, 418 U.S. at 555-56, 94 S.Ct. at 2974-75 (citations omitted).
In accordance with that principle, the appellate courts of Alabama have extended the rights inherent in our concept of due process to prisoners filing Rule 20 petitions. See Peoples v.State, 531 So.2d 323, 326 (Ala.Crim.App. 1988) (persons filing Rule 20 petitions cannot be denied access to courts);Johnson v. State, 526 So.2d 34 (Ala.Crim.App. 1987) (right to full evidentiary hearing and assistance of counsel extended to Rule 20 petitioner).
The State also argues that Rule 20.3 does not require it to plead a specific Rule 20.2 ground of preclusion. However, that argument ignores the obvious purpose behind the assignment of the burdens of pleading and proof in Rule 20.3. Under that Rule the State is required to plead the ground or grounds of preclusion that it believes apply to the petitioner's case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence to "disprove [the] existence [of those grounds] by a preponderance of the evidence." Temp. Rule 20.3, Ala.R.Crim.P. A general allegation that merely refers the petitioner and the trial court to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3.
For the reasons stated, the judgment of the Court of Criminal Appeals affirming the denial of Rice's Rule 20 petition is reversed, and this cause is remanded with instructions to remand the cause to the circuit court for further proceedings consistent with this opinion.[3]
REVERSED AND REMANDED.
All of the Justices concur.
[1] This Court recently adopted the Alabama Rules of Criminal Procedure to replace the Temporary Rules. That adoption involved a number of changes, including a renumbering of the Rules. For example, petitions for post-conviction remedies, presently governed by Temporary Rule 20, will be governed by Rule 32, Ala.R.Crim.P., beginning January 1, 1991, the effective date of the new Rules.
[2] Rice's petition was not precluded by the limitations provision set out in Rule 20.2(c). That section provides "that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of this Temporary Rule 20 (April 1, 1987)." Rice's petition was filed on March 31, 1989.
[3] If, following remand, Rice's petition is not summarily disposed of pursuant to Rule 20.2 or Rule 20.6(b), the trial court should reconsider Rice's request for appointed counsel in light of Rule 20.7(c).