ON REMAND FROM SUPREME COURT OF ALABAMA
TYSON, Judge.
The Supreme Court of Alabama, on June 22, 1990, issued its opinion in Rice v. State, 565 So.2d 606, (Ala.1990), reversing this court and ordering the circuit court to conduct an evidentiary hearing on the State’s motion for dismissal of appellant’s Rule 20, A.R.Crim.P.Temp., petition. This motion asserted that the appellant’s allegations with reference to his original trial and conviction were barred procedurally. The appellant’s original conviction for first degree robbery and sentence of 20 years was affirmed by the Court of Criminal Appeals without opinion, in Rice v. State, 502 So.2d 405 (Ala.Crim.App.1986), cert. denied, 514 So.2d 345 (Ala.1987).
The appellant filed this present Rule 20 petition arguing that his conviction was due to be reversed due to a number of alleged violations of his constitutional rights which he contends occurred during his arrest and subsequent prosecution. That petition was denied by the circuit court on the basis that the appellant’s petition lacked specificity as to these grounds, *609 and this was the basis of the district attorney’s motion. The trial court denied the Rule 20 petition on the above basis, and this court affirmed the circuit court again on this same basis, i.e., the lack of specificity of the allegations. See Rice v. State, 555 So.2d 1205 (Ala.Crim.App.1989). This court did not issue an opinion, however.
The Supreme Court of Alabama points out in its opinion in this cause that, where, as here, the State in its motion relies on the lack of specificity as a grounds for the denial of a hearing, the burden is upon the State of Alabama to assert and show the specific ground of preclusion, and there should to be a hearing on this matter. In view of this and the opinion of the Supreme Court of Alabama in Rice v. State, supra, this cause is hereby reversed and remanded on for such hearing. The opinion of the Supreme Court of Alabama is to be followed at this hearing.
REVERSED AND REMANDED.
All the Judges concur.