The majority sets aside the judgment of the circuit court denying the appellant's petition for post-conviction relief and remands this cause so that the district attorney may be required to file a response as to each of the four grounds raised by the petitioner-appellant. In my opinion, this is improper and constitutes a mistaken application of Ex parteRice, 565 So.2d 606 (Ala. 1990). Grounds # 1, # 2, and # 3 of the petition were properly denied. This cause should be remanded only in regard to ground # 4.
The petition contains four grounds: 1) The prosecution did not give race-neutral reasons for the exercise of its peremptory strikes against black veniremembers. 2) The in-court identification of the petitioner was tainted by "excessively suggestive" pretrial identification procedures. 3) On the remand of this case by the Alabama Court of Criminal Appeals, trial counsel was ineffective because he "failed to offer any evidence or argument that the reasons given by the prosecution for his use of peremptory challenges against black jurors was not sufficient." 4) Petitioner's appellate counsel was guilty of "inadequate preparation and unwise choices of strategy" and was ineffective by not raising the issue of the improper identification procedures.
In denying the petition, the circuit court entered the following order:
 "The Petitioner in this case was indicted and tried for the offense of Capital Murder and the jury returned a verdict finding the Petitioner guilty of Capital Murder on September 26, 1985.
 "At the punishment phase of the proceedings the jury recommended to the Court the punishment of life imprisonment without provision for parole. On November 8, 1985 at the punishment phase of the proceeding, the Court sustained the jury's recommendation and imposed life imprisonment without provision for parole. The Defendant subsequently gave oral notice of appeal and the case was appealed to the Court of Criminal Appeals. Subsequent to the Supreme Court of the United States ruling in the case of Batson v. Kentucky the matter was remanded back to the trial court for determination as to whether the prosecution had exercised its peremptory challenges in a racially discriminatory manner. On remand the trial court held a hearing and determined, that in fact, the prosecution had not used their challenges in a racially discriminatory manner and resubmitted the matter in transcript to the Court of Criminal Appeals.
 "On August 23, 1988, the Alabama Court of Criminal Appeals sustained the conviction with an affirmance specifically referring to the remandment order and specifically affirmed the trial court in its ruling concerning the Batson challenge.
 "The Petitioner has again raised this issue in his Rule 20 Petition and as this matter has previously been addressed by the trial court and the Court of Criminal Appeals, the Petitioner is denied relief under aspect # 1 of his Petition.
 "Aspect # 2 in the Petitioner's Rule 20 Motion is a matter that was ruled on by the trial court at trial and as the court has previously ruled on this particular issue, it need not rule again concerning an additional issue, therefore, Petition for relief is denied in aspect # 2 of the Petitioner's Rule 20 Petition.
 "Aspect # 3 of the Rule 20 Petition is the same as # 1 and this has already been ruled on by the trial court and affirmed by the Court of Criminal Appeals, therefore, aspect # 3 of the Petition is hereby denied.
 "The last aspect of the Petitioner's Rule 20 Petition alleges that the Defense attorney was ineffective in representing him on appeal. As this matter is not consideration for this court, the court will deny relief under this aspect as relief could only be granted by the Appellant Courts of this state. For these reasons, as previously stated, the relief prayed for under the Rule 20 Petition heretofore filed by the Petitioner is hereby overruled and denied." *Page 1286 
The circuit court properly denied ground # 1 of the petition. In Smith v. State, 531 So.2d 1245, 1248 (Ala.Cr.App. 1987), this Court held: "After applying the principles of Batson [v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986),] and [Ex parte] Branch [526 So.2d 609 (Ala. 1987),] to the instant case, we conclude that the trial court accurately concluded that the prosecutor did not use his peremptory strikes for a discriminatory purpose." Under Rule 20.2(a), A.R.Crim.P.Temp. (now Rule 32.2(a), A.R.Crim.P.), "[a] petitioner will not be given relief under this rule based upon any ground: . . . (2) [w]hich was raised or addressed at trial; or . . . (4) [w]hich was raised or addressed on appeal. . . ." In this case, the Batson issue was raised on appeal and was fully addressed by this Court on original submission and on return to remand. Smith 531 So.2d at 1246-48.
The circuit court properly denied ground # 2 of the petition because the issue of the identification was raised at trial. Temporary Rule 20.2(a)(2). Obviously, identification was an issue at trial. On appeal, the appellant-petitioner argued that the trial court improperly restricted his cross-examination of two of the State's witnesses in connection with their identification of the appellant. Smith, 531 So.2d at 1249-50. Another issue raised on appeal concerned the trial court's refusal of a requested jury instruction on eyewitness identification testimony. Id. at 1251.
Ground # 3 of the petition was properly denied because this ground, that counsel was ineffective because he failed to offer any evidence to show that the prosecutor's reasons for striking blacks were insufficient, ignores the finding of this Court that those reasons were race-neutral. Furthermore, this is a bare conclusionary allegation by the petitioner who does not even allege the existence of any such evidence or in any manner identifies that explanatory evidence.
However, the circuit court improperly denied ground # 4 of the petition alleging that appellate counsel was ineffective for failing to raise on appeal the issue of the alleged improper pretrial identification. On this point, I agree with the majority that this cause must be remanded. Whether appellate counsel was ineffective in failing to raise a specific issue on appeal is a matter which must first be considered and addressed by the circuit court before it is subject to appellate review by this Court.
Contrary to the position taken by the majority, even if grounds # 1, # 2, and # 3 of the petition are true, the petitioner is not entitled to relief because those grounds are precluded by the Rules of Criminal Procedure set out above. The majority has misinterpreted Ex parte Rice, 565 So.2d 606 (Ala. 1990), which requires that a petitioner be afforded notice of the specific grounds of preclusion upon which the district attorney relies in his motion to dismiss. Rice does not hold or imply that the State must file a response to a petition for post-conviction relief before the petition is dismissed by the circuit court. Although Temporary Rule 20.7(a) (now Rule 32.7(a)) states that "the district attorney . . . shall file with the court and send to the petitioner or counsel for the petitioner, if any, a response . . ." I do not interpret that language to prohibit a circuit court from dismissing a petition before any response is filed by the State. Such a dismissal is within the inherent power of the circuit court, as this Court has previously recognized.
In Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App. 1989), this Court held:
 "The petition is meritorious on its face and, because the allegations of the petition stand unrefuted and unchallenged, they must be accepted as true. Ex parte Floyd, 457 So.2d 961, 962 (Ala. 1984).
 " '[W]here the trial court does not make a finding in the record based upon its personal knowledge and where the State does not file an answer or return denying the allegations of fact in the petition, those facts must be accepted as true.' Colvin v. State, 521 So.2d 1352, 1353
(Ala.Cr.App. 1987).
 "This cause is remanded to the circuit court for further proceedings. If the circuit judge has personal knowledge of the actual facts underlying the allegations *Page 1287 
in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order. Cf. Temp.A.R.Cr.P., Rule 20.7(d). Otherwise, the circuit court should direct the district attorney to file a response, Rule 20.7, Temp.A.R.Cr.P., and proceed under Rule 20, Temp.A.R.Cr.P."
Where the circuit court's denial of a petition states the specific reason or reasons why each ground of the petition is dismissed or rejected, the petitioner has been denied no constitutional right of notice.
The circuit court properly denied grounds # 1, # 2, and # 3 of the petition. However, the cause should be remanded to the circuit court for further proceedings not inconsistent with this opinion only with regard to ground # 4 of the petition.