580 So.2d 588 (1991)
Frank Lee BACK
v.
STATE.
CR 89-1188.
Court of Criminal Appeals of Alabama.
February 1, 1991.
On Return to Remand May 17, 1991.
*589 Elizabeth H. Shaw, Mobile, for appellant.
Don Siegelman, Atty. Gen., and Jean A. Therkelsen, Asst. Atty. Gen., for appellee.
PATTERSON, Presiding Judge.
The appellant, Frank Lee Back, appeals from the trial court's summary denial of his A.R.Cr.P.Temp. 20 petition wherein he contested the validity of his 1987 conviction for first degree rape and his resulting sentence of life imprisonment. He specifically alleged the following: (1) that his conviction was obtained by an invalid plea of guilty; (2) that his conviction was obtained by the unconstitutional failure of the prosecution to disclose, to him, evidence favorable to him; (3) that the grand or petit jury was unconstitutionally selected and impanelled; (4) that his counsel was ineffective; and (5) that newly discovered evidence exists which requires that the conviction or sentence be vacated.
Relying on Ex parte Rice, 565 So.2d 606 (Ala.1990), Back contends that the trial court erred in failing to hold an evidentiary hearing on the state's motion to dismiss in violation of his due process rights and, further, that his due process rights were violated by the state's failure to allege a specific ground of preclusion upon which it was relying. In the instant case, as in Rice, the state, in its response, asserted that the petition was due to be dismissed because it is not sufficiently specific, as required by Rule 20.6(b), and that it was due to be dismissed "on grounds of preclusion as provided by Rule 20.2." The instant trial court, like the Rice trial court, apparently rejected the state's Rule 20.6(b) specificity argument, holding in an order, which is almost verbatim with the order in Rice, the following:
"[Back] is precluded from seeking relief under Rule 20, Alabama Rules of Criminal Procedure, based upon the preclusion provisions of Rule 20.2; ... the preclusion provisions of Rule 20.2 are the sole basis for the denial of the Petition...."
Because of these compelling similarities, we are required to apply, to this case, the Rice court's holding that a Rule 20 petitioner has a due process right to a statement of the specific grounds of preclusion upon which the state is relying in moving to dismiss the petition. The following clearly applies to this case: "A general allegation that merely refers the petitioner and the trial court to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3." Rice, 565 So.2d at 608.
While we agree with Back that this cause should be remanded for further proceedings, we do not agree that, at this time, an evidentiary hearing is mandated. Although, on remand from the supreme *590 court of Ex parte Rice, this court construed that court's directive to be that we order the circuit court to conduct an evidentiary hearing on the state's motion to dismiss, Rice v. State, 565 So.2d 608, 608 (Ala.Cr.App.1990), we erred to the appellant's benefit in ordering an evidentiary hearing. Clearly, such an order was not necessary, for our supreme court directed that we "remand the cause to the circuit court for further proceedings consistent with this opinion," 565 So.2d at 608, and that mandate was footnoted with the following: "If, following remand, Rice's petition is not summarily disposed of pursuant to Rule 20.2 or Rule 20.6(b), the trial court should reconsider Rice's request for appointed counsel in light of Rule 20.7(c)," id. at n. 3 (emphasis added). Hence, we remand this cause with the instructions that this proceeding be reinitiated with the filing of a sufficient response by the state, Rule 20.3, and that the trial court proceed accordingly.[1] The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 90 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON RETURN TO REMAND
PATTERSON, Presiding Judge.
We remanded this case to the trial court with instructions that the proceedings be reinitiated by the State's filing of a response to the petition in accordance with A.R.Crim.P.Temp. 20.3, and that the trial court conduct further proceedings consistent with Ex parte Rice, 565 So.2d 606, 608 (Ala.1990).
A response was filed by the state, the trial court conducted further proceedings in accordance with our instructions, and due return setting out the action taken has been filed with this court.
The state alleged in its response that Back's petition for post-conviction relief was barred by the two-year statute of limitations as set out in Rule 20.2(c) and that Back had failed to allege any newly discovered evidence which would toll the statute of limitations. The trial court found that the petition was filed on May 4, 1990, and that Back's appeal on the merits of his case "was decided by the Alabama Supreme Court on April 29, 1988."[2] After finding that Back had failed to allege any newly discovered evidence which would toll the applicable statute of limitations, the trial court held that the petition was barred by the two-year statute of limitations set out in Rule 20.2(c), and summarily dismissed the petition pursuant to Rule 20.7(d).
April 29, 1988 is the date that the Alabama Supreme Court denied Back's petition for a writ of certiorari. The denial of certiorari by the Supreme Court is not the event which triggers the running of the statute of limitations. That event is the date of the issuance of the certificate of judgment by this court under Rule 41, A.R. App.P. See Rule 20.2(c), A.R.Crim.P.Temp. However, it so happens in this case that the certificate of judgment was issued by this court on the same date that the Supreme Court denied the petition for writ of certiorari. We take judicial notice that our certificate of judgment was issued on April 29, 1988. Thus, the two-year statute of limitations had run when Back filed his petition. We agree with the trial court that no new evidence was alleged which would toll the running of the statute. We conclude, upon reviewing the proceedings, that the judgment of the trial court dismissing the petition was proper, and it is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.
NOTES
[1] In regard to any assertion of the preclusion ground of "successive petition," the state should consider Blount v. State, 572 So.2d 498 (Ala.Cr. App.1990).
[2] We affirmed without opinion the conviction on January 26, 1988. Back v. State, 524 So.2d 387 (Ala.Cr.App.1988).