This is an appeal from the denial of a petition for post-conviction relief. The majority, relying on Ex parte Rice,565 So.2d 606 (Ala. 1990), holds that the circuit court erred in denying the petition without first requiring a response by the State.
Rice held:
 "Under that Rule [20.3, A.R.Crim. P.Temp., now Rule 32.3, A.R.Crim.P.] the State is required to plead the ground or grounds of preclusion that it believes apply to the petitioner's case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence to 'disprove [the] existence [of those grounds] by a preponderance of the evidence.' Temp. Rule 20.3, Ala.R.Crim.P. A general allegation that merely refers the petitioner and the trial court to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3."
Rice, 565 So.2d at 608. In my opinion, neither Rice nor the Rules of Criminal Procedure prevent the circuit court, in an appropriate case, from dismissing a petition for post-conviction relief without first having a response from the prosecutor.
Rule 32.3, referred to by the Court in Rice, provides, in pertinent part that "[t]he state shall lhave the burden of pleading any ground of preclusion." Rule 32.7(a) (formerly Rule 20.7(a), A.R.Crim.P.Temp.) states:
 "Within thirty (30) days after the service of the petition, . . . the district attorney . . . shall file with the court and send to the petitioner or counsel for the petitioner, if any, a response, which may be supported by affidavits and a certified record or such portions thereof as are appropriate or material to the issues raised in the petition."
There is no rule which specifically gives the court the authority to dismiss a petition without first having obtained a response from the district attorney. However, Rule 32.7(d) provides for summary disposition without reference to any response of the district attorney:
 "If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."
In my opinion, this Rule authorizes summary disposition by the circuit court without a response from the district attorney. Furthermore, even if Rule 32.7(d) does not specifically authorize a summary disposition, such a disposition is within the inherent power of the court in those cases where, assuming the allegations of the petition are true, it is clear that the petitioner is not entitled to relief under any circumstance. That is the case here.
"Rule 32.7(a) is based upon the provisions of the Uniform Post-Conviction Procedure Act, § 6(a). . . ." H. Maddox,Alabama Rules of Criminal Procedure 791 (1990). "Sua sponte
dismissals are no longer contemplated" under the Uniform Act. See 11 U.L.A., Post Conviction Procedure Comment to § 6 at 252 (Supp. 1991). However, Rule 32 does not track those particular provisions of § 6.
Section 6 of the Uniform Post-Conviction Procedure Act of 1980 provides:
 "(a) Within [30] days after the docketing of an application or within any further time the court may allow, the state shall respond by answer or motion.
 "(b) The state may move to dismiss an application on the ground that it is evident from the application that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings. In considering the motion, the court shall take account *Page 666 
of substance regardless of defects of form."
Section 9 of the Uniform Act provides for summary disposition:
 "(a) The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.
 "(b) If an evidentiary hearing is necessary, the court may determine which issues of material fact are in controversy and appropriately restrict the hearing."
In this case, the petitioner challenges his 1982 conviction for attempted murder. That conviction was affirmed on direct appeal by this Court in Bishop v. State, 482 So.2d 1322
(Ala.Cr.App. 1985). The Alabama Supreme Court denied certiorari on January 31, 1986. The present petition was filed in June of 1991. In that petition, the petitioner alleges that he has filed a prior petition for writ of error coram nobis which was denied in 1988 after an evidentiary hearing, and a petition for post-conviction relief which was denied in 1989.
A reading of the present petition reveals that the petitioner has raised only one ground for relief: Whether the trial court properly instructed the jury on reasonable doubt in compliance with In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368
(1970), and Cage v. Louisiana, ___ U.S. ___, 111 S.Ct. 328,112 L.Ed.2d 339 (1990). The "newly discovered evidence" is the fact that Cage was not decided until 1990 so that "this issue is newly discover[ed] to" the petitioner. R. 37.
The circuit court denied the petition with the following entry on the case action summary:
 "Petitioner's petition is summarily dismissed pursuant to Rule 32.7(d) on the grounds that the legal arguments now raised could have been raised on appeal or in one of Petitioner's 5 previous post trial petitions but were not so raised." R. 56.
On the case action summary appears the following entry: "NOTE: This is defendant's 7th Petition for Relief of Conviction/Sentence." R. 56.
In this case, relief is precluded under Rule 32.2(a)(1), (5) because the issue of improper jury instructions could have been raised on direct appeal, and under Rule 32.2(b) because the present petition is successive.
Cage v. Louisiana, supra, does not constitute "newly discovered evidence." Furthermore, that case is not applicable to the petitioner because it was decided approximately four years after the petitioner's direct appeal of his conviction was final. See Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060,103 L.Ed.2d 334 (1989); Ex parte Love, 507 So.2d 979 (Ala. 1987) (Batson decision should not be applied retroactively on collateral review of convictions that became final prior to its announcement). See also Cochran v. State, 548 So.2d 1062, 1068
(Ala.Cr.App.), cert. denied, 493 U.S. 900, 110 S.Ct. 259,107 L.Ed.2d 208 (1989).
In addition, this petition is barred by the two-year period of limitations of Rule 32.2(c).
Here, the petition was not "meritorious on its face" and an evidentiary hearing was not required. See Ex parte Boatwright,471 So.2d 1257, 1258-59 (Ala. 1985). In dealing with federal habeas corpus petitions, a court may dismiss a petition without a response from the United States Attorney.
 "In circumstances such as this, when the petitioner's allegations are affirmatively contradicted by the record, an evidentiary hearing is not required. United States v. Guerra, 588 F.2d 519, 520 (5th Cir. 1979); Holland v. United States, 406 F.2d 213, 216 (5th Cir. 1969). As a result, notice and an opportunity to respond need not be given to the United States Attorney. Rush v. United States, 559 F.2d 455, 459 (7th Cir. 1977); Tremarco v. United States, 412 F. Supp. 550, 551 (D.N.J. 1976)."
United States v. Burroughs, 650 F.2d 595, 599 (5th Cir.) cert. denied, 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981). *Page 667 
Where a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition is true, it is obviously without merit or is precluded, the circuit court should be permitted to summarily dismiss that petition without requiring a response from the district attorney.
The circuit court correctly dismissed the petition for post-conviction relief without awaiting a response from the district attorney. No error was committed. The denial of the petition should be affirmed.