McMILLAN, Judge.
The appellant filed a petition under Rule 32, A.R.Cr.P., seeking relief from his conviction of robbery in the second degree and his sentence of life imprisonment. The appellant's conviction had been affirmed on appeal, see James v. State, 549 So.2d 562 (Ala.Cr.App.1989) (this appellant’s appeal was joined with that of a codefendant, James.) He filed a petition for writ of habeas corpus on December 8, 1989, and filed the present petition Rule 32 on August 14, 1991. The State moved to dismiss the Rule 32 petition as successive or, in the alternative, as procedurally barred. The trial court denied the petition as successive and as procedurally barred under Rule 32.-2(a)(2), (3), (4), and (5), A.R.Cr.P.
The appellant’s Rule 32 petition raised the following grounds: (1) his arrest and the search were unlawful because, he says, police lacked probable cause or reasonable grounds for their actions and (2) his counsel was ineffective because, the appellant says, he “excluded improperly the evidence that he believe[d] may have been favorable to him.” On appeal, the appellant has expanded the second claim, and although his brief is not entirely clear, he apparently has attempted to raise for the first time on appeal claims of involuntary confession, insufficient evidence, and discriminatory sentencing. However, neither the expansion nor the added claims can be considered by this Court, because appellate review is limited to matters as to which rulings have been issued at the trial level. Cross v. State, 536 So.2d 155 (Ala.Cr.App.1988).
The State urges this Court to affirm the trial court’s dismissal of the petition as successive. However, the first inquiry in such a decision should be whether the prior petition was decided on its merits. Blount v. State, 572 So.2d 498 (Ala.Cr.App.1990). According to the State’s motion, the trial court dismissed the appellant’s habeas corpus petition, saying that it was “without merit” and that it failed “to state a claim or present a material issue of fact.” The *313 Court’s statement is insufficient to show the basis on which the petition was denied, and, therefore, this Court cannot affirm the trial court’s dismissal of the Rule 32 petition on the basis that it is successive.
Further, this Court cannot affirm the denial of the petition as procedurally barred. The State’s motion to dismiss states, in pertinent part, as follows:
“(3) as an alternative to paragraph two, the State submits that the Petitioner’s allegation in paragraph 32(A)(4), that Petitioner’s arrest violated his constitutional rights under the Fourth and Fourteenth Amendments, is procedurally barred from review pursuant to A.R.C.P. 32.2(a)(2) through 32.2(a)(5), inclusive. Such an issue was raised or addressed at trial or could have been raised at trial and was not raised at trial and, therefore, Petitioner is not entitled to relief as a matter of law pursuant to Rule 32.-2(a)(2) and (3), A.R.C.P.;
“(4) Additionally, the Petitioner is not entitled to relief based on the allegation set forth in 32(A)(4) because such allegation could have been and possibly was raised on appeal and, therefore, Petitioner is precluded from raising such issue in this Petition. Rule 32.2(A)(4) and (5), A.R.C.P.”
In Ex parte Rice, 565 So.2d 606, 608 (Ala.1990), the Alabama Supreme Court held that “[a] general allegation which merely refers to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3 [A.R.Cr.P.Temp., now Rule 32.3, A.R.Cr.P.].” The State’s pleading with regard to the issue of the appellant’s alleged unlawful arrest and search does not comply with the requirements of Ex parte Rice, supra. The petitioner could not have both asserted the issue at trial, see Rule 32.2(a)(2), and not asserted it, see Rule 32.2(a)(3). Similarly, he could not have both asserted and not asserted the same issue on appeal. See Rule 32.2(a)(4) and (5), A.R.Cr.P.
However, the same objection does not apply to the issue of the alleged ineffectiveness of the appellant’s counsel. The State properly pleaded that this claim was procedurally barred under Rule 32.6, A.R.Cr.P., as insufficiently specific. The petition stated only that the appellant’s counsel “excluded improperly the evidence that he believe[d] may have been favorable to him” which is insufficient to show either defective performance by counsel or resultant prejudice to the appellant, as required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because the petition was denied on procedural grounds, this Court affirms the trial court’s dismissal as to the issue of ineffective assistance of counsel.
Accordingly, the judgment of the circuit court as to the denial of the appellant’s claim of ineffective assistance of counsel is affirmed and as to the denial of the appellant’s claim of unlawful arrest is reversed, and this cause is remanded with instructions that the district attorney is to file a response that satisfies the requirements of Rule 32.3, A.R.Cr.P., and Ex parte Rice, supra. A return is to be filed with this Court within 45 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.