BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The appellant, Leslie Ray Brown, challenges his 1990 conviction for assault in the first degree. That conviction was affirmed by unpublished memorandum on direct appeal. Brown v. State, 679 So.2d 706 (Ala.Cr.App.1991).
The petition contains serious, if brief, allegations that trial counsel was ineffective in that he admittedly was unprepared for trial. Although the petition does not specifically allege that a reasonable probability exists that but for counsel's errors the result of the proceeding would have been different, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the district attorney’s response is a “standard form” response that merely and generally denies the substantive merits of the allegations of the petition and alleges that the issue of ineffective assistance should have been raised on direct appeal. That response does not provide a basis for the denial of this particular petition. The issue of ineffective assistance of counsel can be raised in a petition for post-conviction relief. Ex parte Rivers, 597 So.2d 1308, 1310 (Ala.1991).
Furthermore, the circuit court denied the petition without comment. A petitioner is entitled to notice of the specific ground of preclusion upon which the circuit court relied in dismissing his petition. Ex parte Rice, 565 So.2d 606, 607 (Ala.1990).
The judgment of the circuit court denying the petition for post-conviction relief is re *1206 versed. This cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.