ON RETURN TO REMAND

MeMILLAN, Judge.
This cause was remanded, Sullivan v. State, 652 So.2d 766 (Ala.Cr.App.1993), to the Circuit Court of Montgomery County with orders that the court state with particularity its reasons for denying petitioner’s Rule 32, A.R.Cr.P., petition. Ex parte Rice, 565 So.2d 606 (Ala.1990); Hellums v. State, 597 So.2d 245 (Ala.Cr.App.1992); Rule 32.9(d), A.R.Cr.P.
The trial court responded and filed its order in this court on August 81, 1993. The order states:
“1. This petitioner raises two claims for relief pursuant to Rule 32, Alabama Rules of Criminal Procedure:
“a. The court was without jurisdiction to render the judgment or to impose the sentence; and
“b. Denial of effective assistance of counsel.
“2. The petitioner presented no facts in support of his claim that the court was without jurisdiction to render judgment or to impose the sentence.
“Petitioner argues he should have been charged with the offense of manslaughter rather than murder.
“The record reflects the jury was instructed on murder and lesser included offenses including manslaughter.
“The court concludes, after a review of the record in this matter, said argument is without merit as it was a factual determination to be made by the jury.
“3. The petitioner also raises several factual allegations in support of his claim of denial [of] effective assistance of counsel:
“ ‘Counsel failed to make objection to defendant’s wife being called as a witness for the prosecution; counsel failed to investigate and research petitioner’s case; counsel failed to question or interview witnesses; counsel failed to bring to the attention of the trial judge or jury an alleged “threat” made to the petitioner outside of the courtroom by witnesses for the State; counsel failed to inform the petitioner of the grounds being raised on appeal; and counsel denied petitioner copies of transcripts.’
“After conducting a hearing and reviewing the record, the court concludes that the petitioner has failed to establish by a preponderance of the evidence that he is entitled to relief.”
The record indicates that the petitioner failed to present any evidence at his eviden-tiary hearing that the trial court was without jurisdiction to render judgment or to impose sentence. Rule 32.3, A.R.Cr.P. Additionally, the petitioner failed to present any evidence that his trial counsel’s performance was deficient and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The judgment in this cause is due to be affirmed.
AFFIRMED.
All Judges concur.