STUART, Justice
(concurring in the result).
I agree with the main opinion’s holding that the procedural bars in Rule 32.2(a), Ala. R.Crim. P., are not jurisdictional. I also agree that remand of this case to the Court of Criminal Appeals is proper to allow that court to further analyze Clemons’s claims of ineffective assistance of trial counsel. I, however, believe that in *357 addition to the “exceptional circumstances” recognized by the main opinion that permit an appellate court to sua sponte apply a procedural bar that has been waived, sua sponte application of the waived procedural bar by an appellate court is also appropriate if that application is harmless, i.e., if the sua sponte application of the waived procedural bar does not “probably injuriously affect[ ] substantial rights” of the petitioner or the State. See Rule 45, Ala. R.App. P. Therefore, I concur in the result.
I agree with the main opinion that the procedural bars set forth in Rule 32.2(a) are not jurisdictional. The main opinion, however, implies that there is not a meaningful distinction between a rule of procedure that is mandatory and one that is jurisdictional.[4] I disagree. A mandatory rule is not the equivalent of a jurisdictional rule.
This Court has long recognized that although the failure of a court or a party to comply with a mandatory rule of criminal procedure may be reversible error, the failure to comply with such a rule does not divest a court of jurisdiction. For example, Rule 14.4, Ala. R.Crim. P., provides that before a trial court can accept a plea of guilty from a defendant the trial court must address the defendant personally in the presence of counsel and advise the defendant of the consequences of his guilty plea. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In Cantu v. State, 660 So.2d 1026 (Ala.1995), this Court held that the failure of a trial court to properly advise a defendant and determine that the defendant knowingly, intelligently, and voluntarily entered his plea — i.e., a trial court’s failure to comply with Rule 14.4 — is not a jurisdictional defect. Therefore, even though a rule of criminal procedure may be mandatory and the failure to comply with the rule may be reversible error, a trial court’s failure to comply with the mandatory rule does not necessarily create a jurisdictional defect.
“Jurisdiction” is “‘[a] court’s power to decide a case or issue a decree.’ ” Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006) (quoting Black’s Law Dictionary 867 (8th ed.2004)). Rule 32.1, Ala. R.Crim. P., states: “Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure the appropriate relief .... ” See also Smith v. State, 918 So.2d 141, 161 (Ala.Crim.App.2005) (“By virtue of §§ 12-11-30(2) and 12-12-51, Ala.Code 1975, and Rule 32.1, Ala. R.Crim. P., the court of original conviction has subject matter jurisdiction to entertain a Rule 32 petition.” (Baschab, J., concurring in the result)). Thus, a court’s jurisdiction to entertain a Rule 32 petition rests upon whether the petitioner files the petition in the court in which he was originally convicted and whether the petition satisfies “the limitations of Rule 32.2.”
A plain reading of Rule 32.2(a) establishes that the jurisdictional reference in Rule 32.1 to “the limitations of Rule 32.2” does not include the procedural bars set forth in Rule 32.2(a). Rule 32.2(a), Ala. R.Crim. P., provides:
“(a) Preclusion of Grounds. A petitioner will not be given relief under this rule based upon any ground:
“(1) Which may still be raised on direct appeal under the Alabama Rules of *358 Appellate Procedure or by posttrial motion under Rule 24; or
“(2) Which was raised or addressed at trial; or
“(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or
“(4) Which was raised or addressed on appeal or in any previous collateral proceeding not dismissed pursuant to the last sentence of Rule 32.1 as a petition that challenges multiple judgments, whether or not the previous collateral proceeding was adjudicated on the merits of the grounds raised; or
“(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b).”
Rule 32.2(a) addresses the grounds upon which a court can or cannot base its decision; it does not address the court’s jurisdiction to decide. Therefore, the plain language of Rule 32.2(a) unequivocally establishes. a mandatory rule that a trial court must apply the procedural bars of Rule 32.2(a) to claims in a Rule 32 petition; the language does not establish that the court loses its jurisdiction to entertain a petition if it fails to apply the mandatory rule. Consequently, I disagree with the conclusion in the main opinion that there is not a meaningful distinction between a mandatory rule and a jurisdictional one.
Because the application of, or the failure to apply, the procedural bars of Rule 32.2(a) does not impact the court’s jurisdiction to address a Rule 32 petition, the question presented by this particular case is whether an appellate court can sua sponte apply the Rule 32.2(a) procedural bars to claims in a petition when the State has failed to plead the procedural bars in its response. In other words, can an appellate court sua sponte recognize the applicability of the mandatory procedural bars to claims in a Rule 32 petition, apply those bars to the claims, and refuse to address the merits of the claims?
In Ex parte Rice, 565 So.2d 606 (Ala.1990), this Court held that Temp. Rule 20, Ala. R.Crim. P. (now Rule 32.3, Ala. R.Crim. P.), which requires the State to plead in its response the applicability of any of the procedural bars provided in Rule 32.2 (then Temp. Rule 20.2) to the claims in the petition, is a mandatory rule of procedure. In Ex paHe Rice, the Court explained that due process required the State to plead the procedural bars that it maintains apply to the claims in a Rule 32 petition to give “the petitioner the notice he needs to attempt to formulate arguments and present evidence to ‘disprove [the] existence [of those grounds] by a preponderance of the evidence.’ ” 565 So.2d at 608. See also Nicks v. State, 783 So.2d 895 (Ala.Crim.App.1999). Thus, the State must comply with the pleading requirement of Rule 32.3.
The main opinion concludes that because the State’s compliance with Rule 32.3 is mandatory, if the State fails to comply with the rule, it waives application of the procedural bars and an appellate court cannot sua sponte apply the procedural bars to claims in the petition, unless “exceptional circumstances” are present. I maintain that, in addition to these “exceptional circumstances,” if sua sponte application of the waived procedural bar by an appellate court is harmless, i.e., if the sua sponte application of the waived procedural bar does not “probably injuriously affect[ ] substantial rights” of the petitioner or the State, it is appropriate for the appellate court to apply the procedural bar.
Rule 45, Ala. R.App. P., states:
“No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal *359 of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
(Emphasis added.)
A harmless-error analysis is proper in this case. Here, the State admits that it did not plead the applicability of the procedural bars of Rule 32.2(a) to Clemons’s claims of ineffective assistance of trial counsel, and the trial court did not apply the procedural bars when it addressed those claims. The Court of Criminal Appeals, however, applied these mandatory procedural bars and thus did not address the merits of Clemons’s ineffective-assistance-of-trial-counsel claims. Therefore, we are presented with the question whether the sua sponte application of the procedural bars by the appellate court has “probably injuriously affected substantial rights” of the State or Clemons. See Rule 45, Ala. R.App. P. I believe that if it is obvious from the record that the procedural bars are applicable and nothing in the record establishes that Clemons’s or the State’s substantial rights will probably be injuriously affected, then the sua sponte application of the Rule 32.2(a) procedural bars by the Court of Criminal Appeals is harmless.
The Court of Criminal Appeals conducted such a harmless-error analysis in Young v. State, 600 So.2d 1073, 1075-76 (Ala.Crim.App.1992), stating:
“Young contends that this cause must be remanded because the prosecutor failed to file a response in compliance with Rule 32.7(a). The attorney general has offered no response to this argument. In Ex parte Rice, 565 So.2d 606 (Ala.1990), our supreme court held that the prosecutor’s failure to file a statement of the specific grounds of preclusion upon which he relies violates the petitioner’s right to due process and falls short of the prosecutor’s burden of pleading set forth in Rule 20.3, A.R.Cr.P.Temp. (now Rule 32.3, AR.Cr.P.).
“We conclude, under the narrow facts before us, that the prosecutor’s failure in this case is harmless error. The purpose of Rule 32.3 is to ‘giv[e] the petitioner the notice he needs to attempt to formulate arguments and present evidence to “disprove [the] existence [of those grounds] by a preponderance of the evidence.” ’ 565 So.2d at 608 (quoting language in Rule 20.3, A.R.Cr. P.Temp., which is identical to Rule 32.3, A.R.Cr.P.). Under the present circumstances, had Young been given adequate notice of the applicable grounds of preclusion, Young could not have formulated any plausible argument or presented any evidence to overcome the facts supporting application of the limitations period, to dispute the fact that one issue had previously been decided on its merits, or to overcome the legal requirement that Young could attack only the validity of the murder conviction and sentence in the present petition, not the validity of the prior convictions used to enhance his sentence. The facts upon which the preclusion grounds are founded — the date of issuance of certificate of judgment, the date of the filing of the instant petition, and the trial court’s finding that Young’s prior convictions are adult convictions — are beyond dispute; we have discerned them from records before us.”
600 So.2d at 1075-76.
I agree with the Court of Criminal Appeals that the State’s failure to plead the *360 procedural bars may, under certain circumstances, be considered harmless.
Because I believe that a harmless-error analysis is appropriate in this case, I have thoroughly reviewed the record to determine whether “the error complained of has probably injuriously affected substantial rights of’ Clemons. Rule 45, Ala. R.App. P. The facts of this case with regard to trial counsel are unusual. The record reflects that the State recognized the unusual circumstances and made an affirmative decision to waive, on the record, the application of the Rule 32.2(a) procedural bars to Clemons’s claims of ineffective assistance of trial counsel. It appears from the State’s actions and representations to the court that the State believed that application of the procedural bars would probably injuriously affect the substantial rights of either Clemons or the State, if not in the State postconviction proceeding then in the federal habeas proceedings. Therefore, in light of the unusual circumstances with regard to Clemons’s trial and appellate counsel and the State’s actions and representations during the Rule 32 proceedings, I cannot conclude that the State’s failure to plead application of the procedural bars in this case and the Court of Criminal Appeals’ sua sponte application of the procedural bars to Clemons’s claims of ineffective assistance of trial counsel were harmless. Therefore, I agree that remand to the Court of Criminal Appeals for that court to address Clemons’s claims of ineffective assistance of trial counsel is proper.

. The main opinion finds confirmation for its conclusion in the State's position at oral argument that the procedural bars of Rule 32.2(a) are jurisdictional. In my opinion, the State, like the main opinion, is erasing the distinction between the meanings of the terms jurisdictional and mandatory.