Jenkins appeals the summary denial of his pro se petition for writ of error coram nobis wherein he alleges ineffective assistance of counsel because trial counsel failed to "investigate, explore and conduct" his case. Jenkins offers no facts to support this allegation; thus, this allegation is not cognizable. Stephens v. State, 420 So.2d 826 (Ala.Cr.App. 1982). He further alleges that trial counsel failed to appeal his conviction after being requested to do so. The state filed no pleadings and, hence, does not refute this allegation. A deliberate failure by defense counsel to perfect an appeal after a timely request by the defendant would constitute ineffective assistance *Page 936 
of counsel. Therefore, in regard to Jenkins's second allegation, the petition appears to be meritorious on its face, and Jenkins should have been afforded a hearing. SeePopulus v. State, 51 Ala. App. 166, 283 So.2d 617 (Ala.Cr.App. 1973). However, from our records in the office of the clerk of this court, of which we take judicial notice, we find that this allegation is untrue. Our records show that Jenkins's conviction was appealed, Jenkins's counsel filed briefs, a transcript was prepared and filed, and we affirmed the conviction without rendering an opinion, on September 16, 1986. Our records further disclose that Jenkins's counsel filed an application for rehearing in the case, which was denied on November 12, 1986.
Although we find that Jenkins's petition was facially meritorious, we affirm the trial court's denial of the petition on our finding that his allegation upon which he bases his claim of ineffective assistance of counsel is untrue. "If the ruling of the trial court is correct for any reason, it will not be reversed." Mead v. State, 449 So.2d 1279 (Ala.Cr.App. 1984).
It is difficult for us to believe that when Jenkins filed the instant petition, he was unaware that his conviction had been appealed.
Accordingly, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.