This is an appeal from the denial of a Rule 20 petition for post-conviction relief.
The district attorney's response to the petition requested the circuit court to dismiss the petition because the petition "is not sufficiently specific as required by Rule 20.6(b)," A.R.Crim.P.Temp., and "is precluded by Rule 20.2." The circuit court denied the petition, finding that the petitioner "is precluded from seeking relief under Rule 20, Alabama Rules of Criminal Procedure, based upon the preclusion provisions of Rule 20.2; that the preclusion provisions of Rule 20.2 are the sole basis for the denial of the Petition."
In Ex parte Rice, 565 So.2d 606, 608 (Ala. 1990), the Alabama Supreme Court held:
 "Under that Rule [20.3] the State is required to plead the ground or grounds of preclusion that it believes apply to the petitioner's case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence to 'disprove [the] existence [of those grounds] by a preponderance of the evidence.' Temp. Rule 20.3, Ala.R.Crim.P. A general allegation that merely refers the petitioner and the trial court to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3".
Under Rice, the judgment of the circuit court denying the petition must be reversed. This cause is remanded to the *Page 399 
circuit court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.