In a petition for post-conviction relief, David Coleman challenged his 1989 convictions for second degree robbery and the fraudulent use of a credit card. The district attorney filed a response alleging:
 "THAT the Petition is not sufficiently specific, as required by Rule 20.6(b) of the Temporary Rules of Criminal Procedure, is precluded by Rule 20.2 of said rules; and is due to be denied on grounds of preclusion as provided by Rule 20.2. Further, that no grounds exist which would entitle the Petitioner to relief under Rule 20, Temporary Rules of Criminal Procedure, and no purpose would be served by any further proceeding."
Three days after the district attorney filed his response, the circuit court denied the petition, finding "that Petitioner is precluded from seeking relief under Rule 20, . . . based upon the preclusion provisions of Rule 20.2; that the preclusion provisions of Rule 20.2 are the sole basis for the denial of the Petition. . . ."
In Ex parte Rice, 565 So.2d 606, 608 (Ala. 1990), the Alabama Supreme Court held:
 "Under that Rule [20.3] the State is required to plead the ground or grounds of preclusion that it believes apply to the petitioner's case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence to 'disprove [the] existence [of those grounds] by a preponderance of the evidence.' Temp. Rule 20.3, Ala.R.Crim.P. A general allegation that merely refers the petitioner and the trial court to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3."
On appeal, the State argues that this case is distinguishable from Rice because in Rice the petitioner filed a reply to the State's response, but in this case the petitioner did not. We do not consider that distinction significant, and from the record, this Court is unable to determine the specific basis for the ruling of the circuit court.
Therefore, the judgment of the circuit court dismissing the petition is reversed. This cause is remanded with directions that the district attorney file a response to the petition which satisfies the requirements of Rules 20.3 and 20.7(a), A.R.Crim.P.Temp. If the circuit court determines that the petition should be summarily dismissed under the provisions of Rule 20.7(d), the court shall state the specific grounds upon which the dismissal is based.
REVERSED AND REMANDED.
All Judges concur.