580 So.2d 591 (1991)
Cornelius RICHARDSON
v.
STATE.
CR-89-948.
Court of Criminal Appeals of Alabama.
April 11, 1991.
On Return to Remand April 11, 1991.
Rehearing Denied May 17, 1991.
*592 Cornelius Richardson, pro se.
Don Siegelman, Atty. Gen., and Jean A. Therkelsen, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
[Reporter of decisions' note: By order dated April 11, 1991, the Court of Criminal Appeals withdrew its opinion of October 12, 1990. That earlier opinion had been published at 571 So.2d 399. The Court substituted the following opinion. Upon substituting that new opinion on April 11, 1991, the Court also extended that substituted opinion by adding its "On Return to Remand" opinion.]
Cornelius Richardson appeals from the denial of his petition filed pursuant to Rule 20, Ala.R.Crim.P.Temp. That petition alleged that Richardson's trial counsel was ineffective. The State filed a response to the petition, stating the following:
"The Petition is not sufficiently specific, as required by Rule 20.6(b) of the Temporary Rules of Criminal Procedure, is precluded by Rule 20.2 of said rules; and is due to be denied on grounds of preclusion as provided by Rule 20.2. Further, that no grounds exist which would entitle the Petitioner to relief under Rule 20, Temporary Rules of Criminal Procedure, and no purpose would be served by any further proceedings." (Emphasis added.)
The trial court filed the following order:
"[I]t is the finding of this Court that Petitioner is precluded from seeking relief under Rule 20, Alabama Rules of Criminal Procedure, based upon the preclusion provisions of Rule 20.2; that the preclusion provisions of Rule 20.2 are the sole basis for the denial of the Petition; and that said Petition is due to be, and is hereby, DENIED...." (Emphasis added.)
The appellant argues that the trial court committed reversible error in denying his petition on the ground that it was precluded according to Rule 20.2, because the court did not state the specific preclusion ground that it relied on. A similar issue was addressed by our Supreme Court in Ex parte Rice, 565 So.2d 606 (Ala.1990).
The State's response did not put the petitioner on notice as to which of the seven preclusion grounds of Rule 20.2 it was they basing its response on. The State's and the trial court's order in the instant case are almost identical to those involved in Rice. The Supreme Court of Alabama stated in Rice that according to Rule 20.3, "the State is required to plead the ground or grounds of preclusion that it believes apply to the petitioner's case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence to `disprove [the] existence [of those grounds] by a preponderance of the evidence.' "Rice, 565 So.2d at 608.
The Supreme Court went on to say that "A general allegation that merely refers the petitioner and the trial court to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3." Rice, 565 So.2d at 608.
Thus, on the authority of Rice, we remand this case to the Circuit Court of Mobile County so that the State may file a response to the petitioner's motion which *593 fully apprises him of the preclusion grounds relied on by the State.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Judge.
This case was remanded on the authority of Ex parte Rice, 565 So.2d 606 (Ala.1990), so that the State could file a response to appellant's Rule 20, Ala.R.Cr.P.Temp., petition which apprised him of the preclusion grounds it was relying on in its motion to dismiss. On return to remand it is clear that the petition was correctly denied since no grounds existed upon which relief could be granted. In this instance the trial court correctly denied the petition according to Rule 20.7(d), which states, "If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim ... the court may either dismiss the petition or grant leave to file an amended petition." Appellant's petition was correctly denied.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.