The appellant was found guilty of attempted murder and was sentenced to life imprisonment without parole. His conviction was affirmed on October 8, 1985. See Bishop v. State,482 So.2d 1322 (Ala.Cr.App. 1985). On June 19, 1991, he filed a petition for relief under Rule 32, A.R.Cr.P., indicating by check marks on the form petition that a new trial, sentencing proceeding, or other relief was constitutionally required and that newly discovered material facts required that his conviction and sentence be vacated. On June 24, 1991, prior to receiving a response from the State, the trial court summarily dismissed the petition, on the ground that "the legal arguments now raised could have been raised on appeal or in 5 previous post-trial petitions but were not so raised." The appellant filed separate arguments in support of his petition on July 1, 1991, and thereafter gave written notice of appeal.
The appellant argues that the trial court committed the following errors: (1) denying his petition without first requiring a response by the State, (2) failing to conduct an evidentiary hearing, (3) denying his petition despite its being uncontroverted by the State, and (4) improperly instructing the trial jury as to "reasonable doubt." We address only the first issue here, as that issue necessitates a remand of this cause for further action by the trial court.
A petitioner is entitled to notice as to any grounds of preclusion, so as to enable him to formulate a response. Exparte Rice, 565 So.2d 606, 608 (Ala. 1990). In the present case, the trial court dismissed the petition on the preclusionary grounds set out in Rule 32.2(a)(5) and (b), A.R.Cr.P. However, the State had not yet met its burden of pleading any ground of preclusion. The trial court is authorized to conduct an evidentiary hearing or to take further action as necessary for a determination of this cause. The findings of the trial court should be returned to this Court within 84 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS. *Page 665 
PATTERSON, P.J., and TAYLOR, J., concur.
BOWEN, J., dissents with opinion.
MONTIEL, J., joins dissent.