Johnny Hughley, the appellant, appeals the summary denial of his "Petition for Relief from Conviction or Sentence," wherein he alleged that he is entitled to relief from his March 2, 1990, conviction for the unlawful possession of a controlled *Page 765 
substance. Hughley was sentenced to 20 years' imprisonment as a habitual offender for this conviction. We affirmed the conviction on December 28, 1990, without opinion. Hughley v.State, 575 So.2d 1254 (Ala.Cr.App. 1990).
In response to Hughley's petition, the district attorney filed the following response and motion on November 26, 1991:
 "Comes now the State of Alabama, by and through its District Attorney, Ronald L. Myers, and shows unto the Court as follows:
 "1) That the defendant has not, with the required specificity, set out any grounds entitling him to relief pursuant to Rule 32.1(a), (b), (c), (d), or (e) of the Alabama Rules of Criminal Procedure;
 "2) [that the] defendant is precluded from relief pursuant to Rule 32.2(a)(1), (a)(2), (a)(3), (a)(4), and (a)(5) of the Alabama Rules of Criminal Procedure;
 "Wherefore, the premises considered, the State of Alabama moves this Court to Summarily Dismiss Defendant's petition because the petition is not sufficiently specific, is precluded, fails to state a claim, and/or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings."
The circuit court denied Hughley's petition by stating in its order that it was "not sufficiently specific and [did] not state grounds upon which relief [was] to be granted."
In Ex parte Rice, 565 So.2d 606, 608 (Ala. 1990), decided on June 22, 1990, the Alabama Supreme Court held:
 "Under . . . [A.R.Cr.P.Temp.] Rule [20.3, now A.R.Cr.P. 32.3,] the State is required to plead the ground or grounds of preclusion that it believes apply to the petitioner's case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence to 'disprove [the] existence [of those grounds] by a preponderance of the evidence.' Temp. Rule 20.3, Ala. R.Crim.P. A general allegation that merely refers to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3."
See also Richardson v. State, 580 So.2d 591 (Ala.Cr.App. 1991)1; Back v. State, 580 So.2d 588 (Ala.Cr.App. 1991);Coleman v. State, 571 So.2d 1289 (Ala.Cr.App. 1990); Snipes v.State, 571 So.2d 398 (Ala.Cr.App. 1990). The above response filed by the district attorney appears to be nothing more than an attempt to circumvent the requirements of Rice. By listing each subsection of Rule 32.2 as a ground of preclusion, the district attorney has not become more specific, only more confusing. He has not met his burden of pleading required by Rule 32.3.
It is possible that each of the grounds for preclusion set forth in Rule 32.2 is mutually exclusive. Contending that Rule 32.2(a)(2) is a ground of preclusion while also contending that Rule 32.2(a)(3) is a ground of preclusion, amounts to a factual impossibility, because (a)(2) allows preclusion where the petitioner's assertion was raised or addressed at trial, and (a)(3) allows preclusion where such issue could have been, butwas not raised at trial. The petitioner could not have both asserted and not asserted the same issue at trial. The same analysis may be applied to Rule 32.2(a)(4) and (a)(5). The district attorney's nonspecific response can only be considered a violation of the Rice holding. His response fails to "provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule [32.3]." Accordingly, we must remand this case to the circuit court to allow the state to file a response that meets the commands of Rule 32.3, as stated in Rice.
We also note that the attorney general, along with his brief, has filed a motion wherein he asks this court to remand this case and require the circuit court to hold a hearing on the merits of one of Hughley's contentions, i.e., that counsel was ineffective because of an alleged conflict of interest. The circuit court, as mentioned above, summarily dismissed Hughley's petition. *Page 766 
We suggest that the circuit court consider reviewing this issue upon remand.
Accordingly, the judgment of the circuit court is reversed, and this cause is remanded with directions that the district attorney file a response to Hughley's petition that meets the commands of Rule 32.3 and Rice.
REVERSED AND REMANDED.
All the Judges concur.