Young appeals the circuit court's denial of his A.R.Cr.P. 32 petition (his third) wherein he contested the validity of his 1986 conviction for murder and the resulting sentence of life without parole as a habitual offender.
The case action summary shows that, in denying Young's petition on September 19, 1991, the circuit court relied upon its written order of February 6, 1991, denying Young's second petition. This February 6 order is not in the record. Then Young filed a notice of appeal on September 26, 1991, after which, on October 1, the circuit court supplemented its September 19 order.[1] In the October 1 order, the circuit court denied Young's petition upon the following specific findings: (1) that the petition's allegations are barred by the two-year statute of limitations, Rule 32.2(c); (2) that Young "either waived [each] ground by failing to raise it in the direct appeal or forfeited the ground by escaping during the pendency of the direct appeal"; and (3) that this petition is a successive petition "on grounds either raised in [Young's] first and second petitions or available to him at the time of his filing his first and second petitions."
Young's petition was filed on June 20, 1991 — more than two years after the date of issuance of the certificate of judgment by this court on January 22, 1988. The statute of limitations certainly barred, from the circuit court's consideration, Young's assertion of ineffective trial and appellate counsel and of a violation of Cage v. Louisiana, 498 U.S. ___,111 S.Ct. 328, 112 L.Ed.2d 339 (1990). In regard of the Cage issue, see also Ex parte Beavers, 598 So.2d 1320 (Ala. 1992) (wherein our supreme court held that Cage established a "new rule" so that it is to be applied retroactively to all cases pending on direct review and not yet final, but that Cage is not a "clear break" with past precedents and, thus, failure to object will not be excused).
However, Young also alleged that the trial court was without jurisdiction to impose sentence and that his sentence under the Habitual Felony Offender Act exceeds the maximum authorized by law or is not otherwise authorized by law. He bases these claims on the allegations that one of the prior felony convictions used for enhancement (circuit court case number 13303) is allegedly a juvenile adjudication and that two others are void because he was convicted as an adult when he was allegedly a juvenile. As support for his allegation that case number 13303 is a juvenile court adjudication, Young focused on the following heading in the judgment entry of case number 13303:
"State of Alabama
"Caffey -vs- 13303
"Johnny Mack Young
"(Col. Male — Age)
"Juvenile Court
"B.D. 3/11/47"
Our review of the prior conviction judgment entries contained in the appeal record of Young's conviction for murder leads to the conclusion that the above reference to juvenile court refers to the place of origin of the charge. The judgment entries for the other prior convictions contain the notation "Grand Jury" in the corresponding place. We have no reason to believe that any of the prior judgments was in a juvenile court. Moreover, our review of the record of Young's trial proceedings revealed that, at allocution after Young had been informed of the three particular convictions being used to enhance his sentence, Young himself protested and stated *Page 1075 
the following: "[T]hat conviction[2] was when I was a juvenile. I was 16 years old." In response, the trial court found the following: "Mr. Young, those convictions were adult convictions. You were tried as an adult and convicted as an adult." In addition, during his testimony, Young stated, "I was tried in the adult court." Because the trial court was presented with the issue of whether case number 13303 is a juvenile adjudication, the present allegation is procedurally barred by Rule 32.2(a)(2) (which states that "[a] petitioner will not be given relief . . . upon any ground . . . [w]hich was raised or addressed at trial").
We further find that Young's allegation that the other two prior felony convictions are void because he was convicted as an adult when he was allegedly a juvenile is not cognizable in the instant petition. The proper forum for such an attack is a separate Rule 32 petition directed at each prior conviction and filed in the court wherein the prior conviction took place.Johnson v. State, 541 So.2d 1112, 1115 (Ala.Cr.App. 1989) (discussed with approval in Ex parte Madden, [Ms. 1900313, August 23, 1991] 1991 WL 186843 (Ala. 1991)). (Young did contest these three prior convictions in a petition for writ of error coram nobis, and this court upheld the circuit court's denial of that petition in Young v. State, 516 So.2d 858
(Ala.Cr.App. 1987), upon our finding that Young's 22-year delay in seeking review bars any right to seek relief. It appears that, in that petition, Young did not raise his alleged juvenile status in the jurisdictional context, but in the context of ineffective assistance of counsel.)
We conclude that Young's ineffective counsel andCage claims are barred by the statute of limitations, that his claim that his sentence was erroneously enhanced by a prior alleged juvenile adjudication was decided adversely to him at trial and thus is procedurally barred, and that his claim that his sentence was erroneously enhanced by two allegedly void prior felony convictions is not cognizable in the instant petition.
Finally, Young contends that this cause must be remanded because the prosecutor failed to file a response in compliance with Rule 32.7(a). The attorney general has offered no response to this argument. In Ex parte Rice, 565 So.2d 606 (Ala. 1990), our supreme court held that the prosecutor's failure to file a statement of the specific grounds of preclusion upon which he relies violates the petitioner's right to due process and falls short of the prosecutor's burden of pleading set forth in Rule 20.3, A.R.Cr.P.Temp. (now Rule 32.3, A.R.Cr.P.).
We conclude, under the narrow facts before us, that the prosecutor's failure in this case is harmless error. The purpose of Rule 32.3 is to "giv[e] the petitioner the notice he needs to attempt to formulate arguments and present evidence to 'disprove [the] existence [of those grounds] by a preponderance of the evidence.' " 565 So.2d at 608 (quoting language in Rule 20.3, A.R.Cr.P.Temp., which is identical to Rule 32.3, A.R.Cr.P.). Under the present circumstances, had Young been given adequate notice of the applicable grounds of preclusion, Young could not have formulated any plausible argument or presented any evidence to overcome the facts supporting application of the limitations period, to dispute the fact that one issue had previously been decided on its merits, or to overcome the legal requirement that Young could attack only the validity of the murder conviction and sentence in the present petition, not the validity of the prior convictions used to enhance his sentence. The facts upon which the preclusion grounds are founded — the date of issuance of certificate of judgment, the date of the filing of the instant petition, and the trial court's finding that Young's prior convictions are adult convictions — are beyond dispute; we have discerned them from records before us. *Page 1076 
In our review of those cases relying upon Ex parte Rice, admittedly all have been remanded for the prosecutor to comply with the Rice mandate. See, e.g. Richardson v. State,580 So.2d 591 (Ala.Cr.App. 1991); Snipes v. State, 571 So.2d 398
(Ala.Cr.App. 1990). However, neither we nor our supreme court have given any indication that the harmless error standard cannot be applied to this neglect by the prosecutor. Accordingly, we apply such standard here and find Young's argument to be without merit.
While we find no reason to presently embrace the rationale of Judge Bowen in his separate opinion in Smith v. State,581 So.2d 1283, 1285 (Ala.Cr.App. 1991), wherein he dissented in part and concurred in part, and in his separate dissenting opinion in Bishop v. State, 592 So.2d 664 (Ala.Cr.App. 1991), in which Judge Montiel joined, we find it noteworthy. In these two opinions, Judge Bowen espoused the view that neither Rice
nor the Rules of Criminal Procedure prevent the circuit court, in the appropriate case, from dismissing a petition without first having a response from the prosecutor. In Bishop,592 So.2d 664, Judge Bowen defined "the appropriate case" as that case where "assuming the allegations of the petition are true, it is clear that the petitioner is not entitled to relief under any circumstance." Judge Bowen further explained as follows:
 "Here, the petition was not 'meritorious on its face' and an evidentiary hearing was not required. See Ex parte Boatwright, 471 So.2d 1257, 1258-59
(Ala. 1985). In dealing with federal habeas corpus petitions, a court may dismiss a petition without a response from the United States Attorney.
 " 'In circumstances such as this, when the petitioner's allegations are affirmatively contradicted by the record, an evidentiary hearing is not required. United States v. Guerra, 588 F.2d 519, 520 (5th Cir. 1979); Holland v. United States, 406 F.2d 213, 216 (5th Cir. 1969). As a result, notice and an opportunity to respond need not be given to the United States Attorney. Rush v. United States, 559 F.2d 455, 459 (7th Cir. 1977); Tremarco v. United States,412 F. Supp. 550, 551 (D.N.J. 1976).'
 "United States v. Burroughs, 650 F.2d 595, 599 (5th Cir.) cert. denied, 454 U.S. 1037 [102 S.Ct. 580, 70 L.Ed.2d 483] (1981). Where a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition is true, it is obviously without merit or is precluded, the circuit court should be permitted to summarily dismiss that petition without requiring a response from the district attorney."
Bishop, 592 So.2d at 666.
Accordingly, based on the foregoing, the judgment is affirmed.
AFFIRMED.
TAYLOR, McMILLAN and MONTIEL, JJ., concur.
BOWEN, J., concurs in result, with opinion.
[1] Young now argues that this latter order is a nullity because his notice of appeal divested the circuit court of jurisdiction. While this technically may be true, the case action summary shows a denial prior to the filing of the notice of appeal. We consider that sufficient to allow our review.
[2] From the context of the conversation, it is clear that Young was referring to the three convictions which, it appears, resulted from a common proceeding.