PATTERSON, Presiding Judge.
Jonathan Cade, the appellant, appeals the summary denial of his A.R.Cr.P. 32 petition for post-conviction relief, wherein he alleged that he is entitled to relief from his conviction and sentence for obtaining drugs by fraud, a violation of § 20-2-70, Code of Alabama 1975 (repealed). We originally affirmed Cade’s conviction and 50-year sentence, Cade v. State, 491 So.2d 1075 (Ala.Cr.App.1986), overruled by Ex parte Chambers, 522 So.2d 313 (Ala.1987), but subsequently reversed the judgment and remanded his cause for resentencing, upon review of the circuit court’s denial of an A.R.Cr.P. Temp. 20 petition, Cade v. State, 548 So.2d 1099 (Ala.Cr.App.1989).[1] The record reveals that on remand, Cade was apparently resentenced as a habitual offender to 30 years’ imprisonment.
Cade filed the instant petition with the circuit court on January 21, 1992. The district attorney filed the following response and motion for summary dismissal with the circuit court on January 22:
“Comes now the State of Alabama, by and through its District Attorney, Ronald L. Myers, and shows unto the Court as follows:
“1) That the defendant has not, with the required specificity, set out any grounds entitling him to relief pursuant to Rule 32.1(a), (b), (c), (d), or (e) of the Alabama Rules of Criminal Procedure;
“2) [that the] defendant is precluded from relief pursuant to Rule 32.2(a)(1), (a)(2), (a)(3), (a)(4), and (a)(5) of the Alabama Rules of Criminal Procedure;
“Wherefore, the premises considered, the State of Alabama moves this Court to summarily dismiss Defendant’s petition because the petition is not sufficiently specific, is precluded, fails to state a claim, and/or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.”
The circuit court denied Cade’s petition on January 30, after finding that “the [p]etition is not sufficiently specific and fails to state a claim, that no material issue of fact or law exists which would entitle the Petitioner to relief and that no purpose would be served by any further proceedings.”
The state’s response is identical to the response condemned by this Court in Hughley v. State, 597 So.2d 764 (Ala.Cr.App.1992). For the reasons stated in Hughley, we must reverse the judgment of the circuit court denying Cade’s petition and remand this cause with directions that the district attorney file a response to Cade’s petition that meets the commands of Rule 32.3 and Ex parte Rice, 565 So.2d 606 (Ala.1990).
We note that one of Cade’s arguments is that he was not correctly informed of the minimum and maximum sentences and that he was never given the opportunity to withdraw his guilty plea during resen-tencing on remand.[2] The record before us *909 does not contain any information contradicting Cade’s allegations, His allegations, if taken as true, appear to have merit, see Ex parte Rivers, 597 So.2d 1308 (Ala.1991), and, accordingly, would require the circuit court to entertain Cade’s petition seeking an opportunity to withdraw his guilty plea. Because the record, as it currently appears, tends to support Cade’s allegations, and unless the record is supplemented to disprove those allegations, the circuit court should hold a hearing concerning this matter.
Therefore, the judgment of the circuit court is reversed, and this cause is remanded. The circuit court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this Court at the earliest possible time within 60 days of the release of this opinion. The circuit court shall also enter written findings of fact on each allegation contained in Cade’s petition, even if it dismisses the petition and no evidentiary hearing is held.
REVERSED AND REMANDED.
All the Judges concur.

. Those allegations presented in Cawed's instant petition that could not have been presented in his original Rule 20 petition will not be procedurally barred.

. Cawed was originally sentenced to 50 years’ imprisonment after pleading guilty. It was subsequently discovered that his sentence had been incorrectly enhanced, and a new sentencing *909 hearing was ordered. Cawed now contends that had he been aware of the correct minimum and maximum sentences, he would have withdrawn his guilty plea and requested a jury trial.