The State of Alabama petitioned this Court for a writ of certiorari after the Court of Criminal Appeals had refused to allow the State to file an application for rehearing on the ground that that court no longer accepted applications for rehearing on "intervening remands," i.e., orders remanding the cause but not making a final determination of it. We granted the writ to review that decision. We now reverse and remand.
The following legal questions are presented:
 1. Did the Court of Criminal Appeals err in refusing to accept the State's application for rehearing on the ground that "[a]pplications for rehearing are no longer accepted by this Court on intervening remands?"
 2. Did the trial court err in dismissing the defendant's post-conviction petition without conducting a hearing, when the facts of record showed that the defendant had appealed his original conviction and had filed six other post-conviction petitions?
 FACTS
The State's application for rehearing in the Court of Criminal Appeals was accompanied by a motion made pursuant to the provisions of Rule 39(k), A.R.App.P., in which the State asked that Court to make the following findings of fact:
 "The Respondent, James Charles Bishop, Jr., was convicted in the Circuit Court of Tuscaloosa [County] of attempted murder and was sentenced to life imprisonment without the possibility of parole. Respondent appealed his conviction to the Court of Criminal Appeals which affirmed the conviction in a written opinion. See Bishop v. State, 482 So.2d 1322 (Ala.Cr.App. 1985).
 "On June 19, 1991, the Respondent filed a Rule 32[, A.R.Cr.P.,] petition in the Circuit Court of Tuscaloosa County. (The Case Action Summary Sheet indicates that this was Respondent's seventh post conviction petition.) On June 24, 1991, the trial court denied the Rule 32 petition.
 "Respondent appealed the denial of his Rule 32 petition to the Court of Criminal Appeals. On December 27, 1991, the Court of Criminal Appeals remanded this case to the trial court for further proceedings concerning the Rule 32 petition, with an opinion. 592 So.2d 664. The Court of Criminal Appeals, relying on this Court's opinion in Ex parte Rice, 565 So.2d 606 (Ala. 1990), held that the trial court improperly dismissed the Rule 32 petition because the State had not yet responded to the petition. The Court of Criminal Appeals remanded the case to the trial court for an evidentiary hearing or for the court to take further action as necessary for a determination of this cause. Judge Bowen filed a written dissent in this case and was joined by Judge Montiel. *Page 347 
 "The State applied for rehearing on January 10, 1992, and asked the Court of Criminal Appeals to reconsider its holding. The State also asked the Court of Criminal Appeals to accept its rehearing in the interest of judicial economy even though this was a case involving an intervening remand.
". . . .
 "The Court of Criminal Appeals returned the State's application for rehearing and Rule 39(k) motion on the same day it was taken to the Court. The following entry appeared on the docket sheet from the Court of Criminal Appeals:
 " 'Application for rehearing and Rule 39(k), A.R.A.P., motion returned. Applications for rehearing are no longer accepted by this Court on intervening remands.' "
 I
We first address the question of whether the Court of Criminal Appeals erred in refusing to accept the State's application for rehearing in this case. We hold that it did.
We recognize that this Court has held that the provisions of Rule 39 are inapplicable until there has been a final decision in the Court of Criminal Appeals, but that rule is not applicable here.
In Ex parte Pierce, 576 So.2d 258 (Ala. 1991), the petitioner (Pierce) was convicted of intentional murder and was sentenced to death. The Court of Criminal Appeals affirmed the conviction, but remanded the case for a new sentencing hearing on the ground that the admission of a victim impact statement during Pierce's sentencing hearing violated his Eighth Amendment rights.
Pierce asked this Court to review the decision of the Court of Criminal Appeals, pursuant to the provisions of Rule 39(c) Ala.R.App.P., which requires this Court to grant certiorari petitions in cases in which a sentence of death is imposed, as a matter of right. In deciding whether the Court of Criminal Appeals' affirmance of the petitioner's conviction constituted a "decision" within the meaning of Rule 39, Ala.R.App.P., this Court stated:
 "We could construe the word 'decisions' in Rule 39 broadly to apply to a ruling, such as the one in this case, that affirmed the petitioner's conviction, but we believe that we should construe the word more strictly to apply only to those rulings that finally adjudicate all the issues pending in the court of appeals."
We denied Pierce's petition as premature because the Court of Criminal Appeals, even though it had affirmed Pierce's conviction, had not yet affirmed his sentence of death; thus, an issue still remained for that court to resolve concerning Pierce's sentence.
In the present case, the Court of Criminal Appeals has determined, as a matter of law, that Bishop's Rule 32 petition was not precluded unless and until the State responded to it and sustained its burden of showing that it was precluded. In short, a majority of that Court has determined that the provisions of Rule 32, Ala.R.Cr.P., prohibit the dismissal of a petition, in every case, unless the State has responded to the petition and proved any alleged ground of preclusion. Consequently, the decision is a final decision as contemplated by the provisions of Rule 39, Ala.R.App.P. We, therefore, reverse the judgment of the Court of Criminal Appeals, and we remand the cause to that Court for further proceedings consistent with this opinion.
 II
Because we have determined that the decision of the Court of Criminal Appeals is a final decision, we now address the merits of the State's petition. On the merits, we agree with the view expressed by Judge Bowen in his dissent, joined in by Judge Montiel, that the trial court did not err in dismissing the petition, based on the circumstances of this particular case. As Judge Bowen said: "Where a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court *Page 348 
[may] summarily dismiss that petition without requiring a response from the district attorney."
Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals and remand the cause to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.