662 So.2d 914 (1993)
Jimmy Lee MADDOX
v.
STATE.
CR-92-0185.
Court of Criminal Appeals of Alabama.
March 26, 1993.
Rehearing Denied May 28, 1993.
Jimmy Lee Maddox, pro se.
James H. Evans, Atty. Gen., and Cecil Brendle, Jr., Asst. Atty. Gen., for appellee.
MONTIEL, Judge.
Jimmy Lee Maddox filed a petition for a writ of habeas corpus and/or petition for a writ of error coram nobis attacking his conviction for forgery in the first degree. This court has consistently held that when a petition styled as a petition for a writ of habeas corpus is filed and the allegations raised in that petition are cognizable in a proceeding under Rule 32, A.R.Cr.P., the cause should be entertained in the court of original conviction and the petitioner should be given the opportunity to file a proper post-conviction petition as required by Rule 32.6(a). Drayton v. State, 600 So.2d 1088 (Ala.Crim.App. 1992) (and cases cited therein). Therefore, *915 this case is remanded to the circuit court with directions that the petition for a writ of habeas corpus be returned to the appellant so that he can have the opportunity to file a proper Rule 32 petition.
REVERSED AND REMANDED.
All the Judges concur except BOWEN, P.J., who dissents with opinion.
BOWEN, Presiding Judge, dissenting.
Rule 32.5 requires that post-conviction petitions "shall be filed in and decided by the court in which the petitioner was convicted." This petition was filed in the court of original conviction.
Rule 32.4 mandates that any "post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under ... [R]ule [32]." This petition, styled as one for a writ of habeas corpus and/or error coram nobis, was so treated.
Rule 32.7(d) provides that "[i]f the court determines that the petition is ... precluded,... and that no purpose would be served by any further proceedings, the court may dismiss the petition or grant leave to file an amended petition." This petition was summarily dismissed because, as a collateral attack on a 21-year-old conviction for which the statute of limitations had long since run, it showed on its face that it was precluded. The appellant did not request leave to amend his petition.
Apparently this Court believes that the foregoing provisions of Rule 32 are less important than the following directive of Rule 32.6(a):
"The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form."
I cannot share that belief. Just as Rule 32.7(d) (allowing summary dismissal of a petition) overrides, in some cases, the Rule 32.7(a) requirement that the prosecutor file a response, see Bishop v. State, 608 So.2d 345, 347-48 (Ala.1992), agreeing with my dissent in and reversing Bishop v. State, 592 So.2d 664 (Ala.Cr.App.1991), Rule 32.7(d) also takes precedence, in some cases, over the Rule 32.6(a) requirement that the petition be filed on the proper "form." Our blind adherence to the holding of Drayton v. State, 600 So.2d 1088 (Ala.Cr.App.1992), is a literal exaltation of form over substance.
It is ridiculous to remand this cause so that the appellant will have the opportunity to file a petition in the proper form that will be promptly dismissed. I dissent.