Rule 32.5 requires that post-conviction petitions "shall be filed in and decided by the court in which the petitioner was convicted." This petition was filed in the court of original conviction.
Rule 32.4 mandates that any "post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under . . . [R]ule [32]." This petition, styled as one for a writ of habeas corpus and/or error coram nobis, was so treated.
Rule 32.7(d) provides that "[i]f the court determines that the petition is . . . precluded, . . . and that no purpose would be served by any further proceedings, the court may dismiss the petition or grant leave to file an amended petition." This petition was summarily dismissed because, as a collateral attack on a 21-year-old conviction for which the statute of limitations had long since run, it showed on its face that it was precluded. The appellant did not request leave to amend his petition.
Apparently this Court believes that the foregoing provisions of Rule 32 are less important than the following directive of Rule 32.6(a):
 "The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form."
I cannot share that belief. Just as Rule 32.7(d) (allowing summary dismissal of a petition) overrides, in some cases, the Rule 32.7(a) requirement that the prosecutor file a response, see Bishop v. State, 608 So.2d 345, 347-48 (Ala. 1992), agreeing with my dissent in and reversing Bishop v. State, 592 So.2d 664
(Ala.Cr.App. 1991), Rule 32.7(d) also takes precedence, in some cases, over the Rule 32.6(a) requirement that the petition be filed on the proper "form." Our blind adherence to the holding of Drayton v. State, 600 So.2d 1088 (Ala.Cr.App. 1992), is a literal exaltation of form over substance.
It is ridiculous to remand this cause so that the appellant will have the opportunity to file a petition in the proper form that will be promptly dismissed. I dissent.