BOWEN, Presiding Judge,
dissenting.
I adhere to my dissent in Maddox v. State, [Ms. CR 92-185, March 26, 1993] — So.2d *34 -(Ala.Cr.App.1993) (Bowen, P.J., dissenting):
“Just as Rule 32.7(d) (allowing summary dismissal of a petition) overrides, in some cases, the rule 32.7(a) requirement that the prosecutor file a response, see Bishop v. State, 608 So.2d 345, 347-48 (Ala.1992), agreeing with my dissent in and reversing Bishop v. State, 592 So.2d 664, 665 (Ala.Cr.App.1991), Rule 32.7(d) also takes precedence, in some cases, over the Rule 32.6(a) requirement that the petition be filed on the proper ‘form.’ Our blind adherence to the holding of Drayton v. State, 600 So.2d 1088 (Ala.Cr.App.1992), is a literal exaltation of form over substance.
“It is ridiculous to remand this cause so that the appellant will have the opportunity to file a petition in the proper form that will be promptly dismissed. I dissent.” (Emphasis in original.)
The appellant’s pleading, even if treated as a Rule 32 petition, would correctly have been summarily dismissed because its only allegation, that the appellant was subjected to an illegal arrest, was precluded by Rule 32.2(a)(5) (a ground which could have been but was not raised on appeal, unless the ground for relief is jurisdictional).
An illegal arrest does not divest the circuit court of jurisdiction in a felony case. See Atwell v. State, 594 So.2d 202, 208 (Ala.Cr.App.1991), cert. denied, 594 So.2d 214 (Ala.1992); Coral v. State, 551 So.2d 1181, 1182 (Ala.Cr.App.1989); Ross v. State, 529 So.2d 1074, 1078 (Ala.Cr.App.1988) (“the [subject-matter] jurisdiction of the court, in felony eases, rests upon the utilization of a grand jury indictment or information”). The appellant is precluded from raising his alleged illegal arrest as a basis for Rule 32 relief because that ground could have been raised on direct appeal.