MONTIEL, Judge.
The appellant, Glenn C. Owens, appeals from the summary dismissal of his Rule 32, A.R.Crim.P., petition by the Randolph Circuit Court. Owens was indicted for theft in the first degree and for burglary in the third degree. Pursuant to a plea agreement, he pleaded guilty to conspiracy to commit theft in the first degree and for burglary in the third degree; he was sentenced as a habitual offender to ten years’ imprisonment. He did not appeal. The appellant filed this petition on June 8, 1992. On January 22, 1993, he amended the petition. The State did not respond to this petition until June 10, 1993, when it filed a motion to dismiss. The appellant answered on July 13, and the trial court issued an order summarily dismissing this *978 petition on August 25, 1993. This appeal followed.
I
The appellant argues that the petition was due to be granted because the State failed to comply with Rule 32.7(a), AR.Crim.P. which states,
“Within thirty (30) days after the service of the petition, or within the time otherwise specified by the court, the district attorney ... shall file with the court and send to the petitioner or counsel for the petitioner, if any, a response, which may be supported by affidavits and a certified record or such portions thereof as are appropriate or material to the issues raised in the petition.”
(Emphasis added.)
While the record is clear that the State did not respond to the appellant’s petition within the 30-day period provided in Rule 32.7(a), the appellant does not allege that he was, in any way, prejudiced by the State’s untimely response. The rule specifically allows the trial court to specify a time period other than 30 days and, by accepting the State’s untimely response, the trial court by implication has done so. The petition was not due to be granted because of the State’s late response.
II
The appellant challenges the validity of the State’s response to his Rule 32 petition. The State’s motion to dismiss the petition stated the following:
“Comes now the State of Alabama, by and through the District Attorney for the Fifth Judicial Circuit, and moves this Honorable Court for an Order Dismissing the above-styled Petition for Relief from Conviction or Sentence pursuant to Rule 32, Alabama Rules of Criminal Procedure, and as grounds therefore asserts as follows:
“1. The State denies each and every allegation contained in the petition and demands strict proof thereof.
“2. The Petitioner is precluded from relief pursuant to Rule 32.2(a)(1), (2), (3), (4), and (5).
“3. The petitioner’s petition is without merit, is not sufficiently specific and fails to state a claim upon which relief can be granted.
“The above premises considered the State respectfully requests this Honorable Court to summarily dismiss the above styled Petition for Relief from Conviction or Sentence.”
(C. 44.)
The trial court’s order dismissing this petition stated that “a voluntary plea of guilty waives all nonjurisdictional defects” and stated further that “[tjhis petition fails to state a claim and lacks merit on its face, and [that] no purpose would be served by any further proceedings.” (C. 52-53.)
“In Ex parte Rice, 565 So.2d 606, 608 (Ala.1990), decided on June 22, 1990, the Alabama Supreme Court held:
“ ‘Under ... [AR.Cr.P.Temp.] Rule [20.3, now A.R.Cr.P. 32.3], the State is required to plead the ground or grounds of preclusion that it believes apply to the petitioner’s case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and present evidence to “ ‘disprove [the] existence [of those grounds] by a preponderance of the evidence.” Temp. Rule 20.3, Ala.P.Crim.P. A general allegation that merely refers to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3.’ See also Richardson v. State, 580 So.2d 591 (Ala.Cr.App.1991) Back v. State, 580 So.2d 588 (Ala.Cr.App.1991); Coleman v. State, 571 So.2d 1289 (Ala.Cr.App.1990); Snipes v. State, 571 So.2d 398 (Ala.Cr.App.1990).”
Hughley v. State, 597 So.2d 764, 765 (Ala. Crim.App.1992). The State’s response, above, does not comply with Rice. It merely recites the grounds of preclusion set out in Rule 32.2(a). In fact, the State’s response is confusing because the grounds of preclusion listed in Rule 32.2(a) are mutually exclusive and may not act simultaneously to bar relief on a particular ground asserted by the petitioner. For example, it is a factual impossibility for a ground of relief to be precluded by both Rule 32.2(a)(2) and 32.2(a)(3). Rule 32.2(a)(2) precludes relief where the ground *979 for that relief was raised or addressed at trial and 32.2(a)(3) precludes relief where the ground could have been, but was not, raised at trial. The same analysis applies to 32.2(a)(4) and (a)(5). See Hughley, 597 So.2d at 765. Accordingly, we must remand this case to the circuit court to allow the State to file a response that meets the requirements of Rule 32.3, as set forth in Ex parte Rice.
Because we are remanding this case on this issue, we do not address the remaining issues raised in this appeal.
This cause is remanded with directions that the district attorney file a response to the appellant’s Rule 32 petition that fully complies with Rule 32.3 and with Ex parte Rice. Due return should be made within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS*
All the Judges concur.

 Editor's Note: On January 13, 1995, on return to remand, the Court of Criminal Appeals affirmed without opinion; on March 24, 1995, it denied rehearing.