On Application for Rehearing

COBB, Judge.
The appellant, Jimmy Davis, Jr., appeals the denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim.P. In 1993, Davis was convicted of murdering Johnny Hazle during the course of a robbery. He was sentenced to death. His conviction and sentence were ultimately affirmed on direct appeal. Davis v. State, 718 So.2d 1148 (Ala.Crim. App.1995).
In January 2000, Davis filed a Rule 32 petition attacking his conviction and death sentence. The circuit court denied the petition; Davis appealed. On March 3, 2006, we issued an opinion affirming the circuit court’s denial of the postconviction petition. Davis v. State, 9 So.3d 514 (Ala.Crim.App.2006). Davis has now filed an application for rehearing.
When affirming the circuit court’s ruling denying Davis’s claims of ineffective assistance of trial counsel we specifically held that Davis’s claims were procedurally barred because they were raised and addressed at trial under the then applicable procedure set out in Ex parte Jackson, 598 So.2d 895 (Ala.1992). Davis, 9 So.3d at 521.
On rehearing, Davis argues that this Court erred in sua sponte applying a procedural default ground to his claims of ineffective assistance of trial counsel. He further asserts that he was denied his due-process rights and that based on the Supreme Court’s decision in Ex parte Rice, 565 So.2d 606 (Ala.1990), we must remand this case.
Rule 32, Ala.R.Crim.P., empowers a trial judge to grant a postconviction petition for relief based on certain delineated grounds of error set out in that Rule. Rule 32.1, Ala.R.Crim.P., states:
“Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief....”
(Emphasis added.) Rule 32.2(a), Ala. R.Crim.P., states:
“(a) Preclusion of Grounds. A petitioner will not be given relief under this rule based upon any ground:
“(1) Which may still be raised on direct appeal under the Alabama Rules of Appellate Procedure or by posttrial motion under Rule 24; or
“(2) Which was raised or addressed at trial; or
“(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or
“(4) Which was raised or addressed on appeal or in any previous collateral proceeding not dismissed pursuant to the last sentence of Rule 32.1 as a petition that challenges multiple judgments, whether or not the previous collateral proceeding was adjudicated on the merits of the grounds raised; or
*532 “(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b).”
(Emphasis added.) Rule 32.7(d), Ala. R.Crim.P., also states, in pertinent part:
“If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.”[1]
When describing the scope of Rule 32 petitions, the Alabama Supreme Court in Ex parte Powell, 641 So.2d 772, 775 (Ala. 1994), stated:
“A direct appeal is the remedy favored by law — a Rule 32 petitioner will not be given relief if the grounds on which he seeks relief either were raised, or could have been raised, on appeal. Rule 32.2, A.R.Cr.P. Further, we note:
“ ‘As a general rule, the grounds for post-conviction relief are fewer in number and narrower in scope than in direct remedy proceedings [such as an appeal]. Whereas any nonharmless error usually will constitute grounds for direct relief, postconviction relief usually is available only on grounds involving egregious error, i.e., errors that are jurisdictional, constitutional, or otherwise fundamental.’ ”[2]
The Supreme Court adopted Rule 32, Ala.R.Crim.P., pursuant to the rule-making authority granted it by the Alabama Constitution.[3] We must give the Supreme Court’s words their plain meaning. See Nieto v. State, 842 So.2d 748 (Ala.Crim.App.2002). Rule 32.2(a), Ala. R.Crim.P., states: “A petitioner will not be given relief....” (Emphasis added.) Clearly, the rule is written in mandatory terms and not in discretionary or permissive terms. The Alabama Supreme Court recently alluded to the mandatory application of Rule 32.2 in Ex paite Seymour, 946 So.2d 536, 537 (Ala.2006), when it stated:
“Our analysis begins with the grounds for preclusion of remedy in Rule 32.2, Ala.R.Crim.P. Seymour did not raise his defective-indictment claim at trial or on direct appeal. See Rule 32.2(a)(3) and (5), Ala.R.Crim.P. Rule 32.2 thus sharply limits the scope of our review.
“ ‘A petitioner will not be given relief under this rule based upon any ground:
[[Image here]]
“ ‘(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or
[[Image here]]
“ ‘(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b).’ ”
(Emphasis added in Seymour.) See Smith v. State, 873 S.W.2d 5, 6 (Tenn.Crim.App.1993) (“The mandatory language of the statute empowers the trial court to raise the statute of limitations issue and to dis *533 miss cases filed after the deadline, regardless of whether the State has properly raised this defense.”).
The procedural bars in Rule 32.2, Ala.R.Crim.P., are mandatory, and they constitute an absolute bar to relief. The State of Montana has reached a similar conclusion in regard to its postconviction statute, which appears to be similar to Alabama’s Rule 32, Ala.R.Crim.P. In State v. Osborne, 329 Mont. 95, 98-101, 124 P.3d 1085, 1087-89 (2005), the Montana Supreme Court stated:
In Peña [v. State, 323 Mont. 347, 100 P.3d 154 (2004) ], we reasoned that post-conviction relief is a ‘special proceeding’ that is governed by the Rules of Civil Procedure only to the extent that those rules are not inconsistent with the procedural provisions of the postconviction relief statute. Peña. Moreover, we observed that postconviction relief is not a constitutional right; rather, it is statutorily created. Peña. Accordingly, we determined that ‘the statutory rules which circumscribe the postconviction process are jurisdictional in nature.’ Peña .... We held that the State, by failing to raise the jurisdictional argument before the district court, had not waived its argument that Peña had exceeded the statutory time limit, pursuant to § 46-21-102, MCA, for filing his petition for postconviction relief. Peña; accord [State v.] Abe [, 307 Mont. 233, 37 P.3d 77 (2001) ].
“The statutory scheme that establishes the postconviction relief procedures provides that a person who has been adjudged guilty, ‘who lias no adequate remedy of appeal and who claims that a sentence was ... in excess of the maximum authorized by law ... may petition the court that imposed the sentence to vacate, set aside, or correct the sentence[.]’ Section 46-21-101(1), MCA (2003) (emphasis added). Several other provisions, however, limit the ability of a person to petition the court for postcon-viction relief and limit the court’s capacity to entertain such petitions:
“ “When a petitioner has been afforded the opportunity for a direct appeal of the petitioner’s conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter.’
“Section 46-21-105(2), MCA (2003) (emphasis added). The plain language of these provisions establishes that the courts lack any authority to consider (hear and entertain) or decide (determine) legal and factual issues that could reasonably have been raised on direct appeal if an adequate remedy of appeal was available to the petitioner. The [emphasized] language was added to § 46-21-105(2), MCA, in 1997 by Senate Bill 216, the preamble to which eliminates any doubt whether this language was meant to proscribe the courts’ authority.
[[Image here]]
“... Thus the legislature intended the statutory language as a limit on the courts’ authority to hear and decide, in the context of postconviction proceedings, issues that were, or could have been, raised on direct appeal. Because there is no other source of law granting courts jurisdiction over such issues, § 46-21-105(2), MCA, effectively prohibits the courts from exercising jurisdiction over grounds for relief that could reasonably have been raised on appeal.
[[Image here]]
“Our previous holdings concerning the application of § 46-21-105(2), MCA, are consistent with our interpretation of that provision as a limit on the subject mat *534 ter jurisdiction of the courts. In Sanders v. State, 2004 MT 374, 325 Mont. 59, 103 P.3d 1053 [ (2004) ], we affirmed the district court’s dismissal of Sanders’s petition for postconviction relief pursuant to § 46-21-105(2), MCA. As here, the State failed to argue to the district court that § 46-21-105(2), MCA, procedurally barred Sanders’s petition. Sanders. Nevertheless, the court dismissed the petition on the basis of the procedural bar, which the court raised sua sponte. Sanders. By affirming the district court’s dismissal, we implicitly acknowledged that the State does not waive the procedural bar by failing to raise it before the district court. We implicitly recognized that this procedural bar is jurisdictional in nature. See Rule 12(h)(3), M.R.Civ.P. (‘[wjhenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action’). Similarly, in [Basto v. State], 2004 MT 257, 323 Mont. 80, 97 P.3d 1113 [ (2004) ], the district court had denied a petition for postcon-viction relief on its merits. Basto. The State apparently argued for the first time on appeal that § 46-21-105(2), MCA, required the Court to dismiss the petition. Basto. Notwithstanding the State’s failure to raise the procedural bar before the district court, we held that the petition was barred by § 46-21-105(2), MCA. Basto. By so holding, we again implicitly acknowledged that the procedural bar is jurisdictional and that the State does not waive the procedural bar by failing to raise it before the district court.
“We find that § 46-21-105(2), MCA, represents a jurisdictional limit on courts’ ability to entertain and decide petitions for postconviction relief.”
In a similar vein, this Court has held that a court may sua sponte apply the .limitations provision contained in Rule 32.2(c), Ala.R.Crim.P., because it is a mandatory provision of Rule 32.2, Ala. R.Crim.P. In Williams v. State, 783 So.2d 135, 137 (Ala.Crim.App.2000), this Court stated:
“Rule 32.2(c), Ala.R.Crim.P., establishes a limitations period for filing a petition for post-conviction relief on the grounds specified in Rule 32.1(a) and (f), Ala. R.Crim.P., and its language is mandatory. See Hugh Maddox, Alabama Rules of Criminal Procedure § 32.2 (3d ed.1999). ‘The statute of limitations is a jurisdictional matter.’ Hines v. State, 516 So.2d 937, 938 (Ala.Crim.App.1987). See also Ex parte Campbell, 784 So.2d 323 (Ala.2000); Hunt v. State, 642 So.2d 999 (Ala.Crim.App.1993), aff d, 642 So.2d 1060 (Ala.1994). Therefore, the failure to file a Rule 32 petition within the two-year limitations period is a jurisdictional defect that can be noticed at any time and is not waived by the failure of the State to assert it. Any previous hold-, ings to the contrary are hereby expressly overruled. See, e.g., Howard v. State, 616 So.2d 398 (Ala.Crim.App.1993).”
Federal courts have also recognized a court’s inherent authority to sua sponte apply a procedural default ground to a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 (1994). In Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir.1998), the United States Court of Appeals for the Fifth Circuit stated: “The First, Second, Third, Seventh, Ninth, Tenth and Eleventh Circuits have all recognized that a federal court may, in the exercise of its judicial discretion, raise procedural default sua sponte in a habeas case.” (Footnote omitted.)
Recently, the United States Supreme Court in Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), *535 held that a federal court could apply a procedural default bar sua sponte if the petitioner was given an opportunity to dispute it. However, the federal habeas corpus statute, 28 U.S.C. § 2254 (1994), contains permissive procedural default bars— bars that may be excused if the petitioner establishes “cause and prejudice.” As this Court has stated:
“Although in federal court a habeas petitioner can allege that the ineffective assistance of counsel was ‘cause and prejudice’ to excuse a procedural default, e.g., Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), Alabama state courts in postconviction proceedings do not recognize the cause and prejudice exception. We recently stated, ‘Alabama has never recognized any exceptions to the procedural default grounds contained in Rule 32, Ala. R.Crim.P. We have repeatedly stated that the procedural bars in Rule 32 apply equally to all cases, including those in which the death penalty has been imposed.’ Hooks v. State, 822 So.2d 476, 481 (Ala.Crim.App.2000).”
Hamm v. State, 913 So.2d 460, 493 (Ala.Crim.App.2002).
By stark contrast, Alabama’s procedural-default bars are mandatory; they apply to every Rule 32 petition, even those involving the death penalty. See Barbour v. State, 903 So.2d 858 (Ala.Crim.App.2004). An Alabama court has no authority to excuse a procedurally defaulted claim. “Alabama has never recognized any exceptions to the procedural default grounds contained in Rule 32, Ala.R.Crim.P.” Hooks v. State, 822 So.2d 476, 481 (Ala.Crim.App.2000). Thus, federal cases concerning habeas corpus petitions provide no guidance on this issue.
From a practical standpoint, this Court’s ability to handle the ever-increasing number of appeals from Rule 32 petitions would be greatly impeded if we could not sua sponte apply the procedural bars set out in Rule 32.2, Ala.R.Crim.P. In this Court’s last term we disposed of 796 appeals involving Rule 32 petitions. This number made up 40% of this Court’s total number of appeals. By far, in the vast majority of Rule 32 appeals the only ruling made by the trial court is an entry on the case-action summary sheet that states: “Petition denied.” Typically, it is only in capital cases that more detailed orders are entered. It would burden an already overburdened judicial system if we were forced to remand each case to the circuit court for that court to hold a hearing on whether a mandatory procedural bar was applicable when it is obvious from the record that a claim is barred. Indeed, we fear that proceedings in some circuit courts could grind to a screeching halt.
As stated above, Davis also argues that pursuant to the Alabama Supreme Court’s decision in Ex parte Rice, supra, this case should be remanded to the circuit court because Davis was not given notice of the grounds of preclusion relied on by this Court to affirm the circuit court’s ruling.
In Ex parte Rice, the appellant argued that he was denied his right to due process because in the State’s motion to dismiss his postconviction petition it merely asserted that the petition was due to be dismissed based on the grounds of preclusion set out in Rule 20.2, Ala.R.Crim.P.Temp. (now Rule 32.2, Ala.R.Crim.P.). The State did not specify what ground of preclusion applied in Rice’s case. In reversing the circuit court’s denial of Rice’s postconviction petition, the Supreme Court stated:
“Under [what is now Rule 32.3] the State is required to plead the ground or grounds of preclusion that it believes apply to the petitioner’s case, thereby giving the petitioner the notice he needs to attempt to formulate arguments and *536 present evidence to ‘disprove [the] existence [of those grounds] by a preponderance of the evidence.’ Temp. Rule 20.3, AIa.R.Crim.P. [now Rule 32.3, Ala. R.Crim.P.] A general allegation that merely refers the petitioner and the trial court to the Rule does not provide the type of notice necessary to satisfy the requirements of due process and does not meet the burden of pleading assigned to the State by Rule 20.3 [now Rule 32.3, AIa.R.Crim.P.]”
565 So.2d at 608.
After the Supreme Court released its decision in Ex parte Rice, this Court remanded many cases to the circuit courts based on its authority. See Hughley v. State, 597 So.2d 764 (Ala.Crim.App.1992); Richardson v. State, 580 So.2d 591 (Ala. Crim.App.1991); Smith v. State, 581 So.2d 1283 (Ala.Crim.App.1991); Coleman v. State, 571 So.2d 1289 (Ala.Crim.App.1990); Richardson v. State, 571 So.2d 399 (Ala.Crim.App.1990); Stone v. State, 571 So.2d 412 (Ala.Crim.App.1990); Snipes v. State, 571 So.2d 398 (Ala.Crim.App.1990); Henderson v. State, 570 So.2d 879 (Ala.Crim.App.1990). In an attempt to reduce the number of cases being remanded to the circuit courts, and then ultimately affirmed on return to remand, this Court released its decision in Young v. State, 600 So.2d 1073 (Ala.Crim.App.1992). In Young, we specifically held that an Ex parte Rice error could be harmless based on the facts of the case. We stated:
“Young contends that this cause must be remanded because the prosecutor failed to file a response in compliance with Rule 32.7(a). The attorney general has offered no response to this argument. In Ex parte Rice, 565 So.2d 606 (Ala. 1990), our supreme court held that the prosecutor’s failure to file a statement of the specific grounds of preclusion upon which he relies violates the petitioner’s right to due process and falls short of the prosecutor’s burden of pleading set forth in Rule 20.3, A.R.Cr.P.Temp. (now Rule 32.3, A.R.Cr.P.).
“We conclude, under the narrow facts before us, that the prosecutor’s failure in this case is harmless error. The purpose of Rule 32.3 is to ‘giv[e] the petitioner the notice he needs to attempt to formulate arguments and present evidence to “disprove [the] existence [of those grounds] by a preponderance of the evidence.” ’ 565 So.2d at 608 (quoting language in Rule 20.3, A.R.Cr. P.Temp., which is identical to Rule 32.3, A.R.Cr.P.). Under the present circumstances, had Young been given adequate notice of the applicable grounds of preclusion, Young could not have formulated any plausible argument or presented any evidence to overcome the facts supporting application of the limitations period, to dispute the fact that one issue had previously been decided on its merits, or to overcome the legal requirement that Young could attack only the validity of the murder conviction and sentence in the present petition, not the validity of the prior convictions used to enhance his sentence. The facts upon which the preclusion grounds are founded — the date of issuance of certificate of judgment, the date of the filing of the instant petition, and the trial court’s finding that Young’s prior convictions are adult convictions — are beyond dispute; we have discerned them from records before us.
“In our review of those cases relying upon Ex parte Rice, admittedly all have been remanded for the prosecutor to comply with the Rice mandate. See, e.g., Richardson v. State, 580 So.2d 591 (Ala.Cr.App.1991); Snipes v. State, 571 So.2d 398 (Ala.Cr.App.1990). However, neither we nor our supreme court have given any indication that the harmless error standard cannot be applied to this *537 neglect by the prosecutor. Accordingly, we apply such standard here and find Young’s argument to be without merit.”
600 So.2d at 1075-76. See also Moran v. State, 649 So.2d 1292 (Ala.Crim.App.1993). To this date, the Alabama Supreme Court has not had occasion to address this Court’s decision in Young.
Here, the claim of ineffective assistance of trial counsel was considered and addressed by the trial court in Davis’s motion for a new trial. Davis could put on no evidence that would dispute this fact — a fact that is clearly supported by the record of the original proceedings. Accordingly, any Ex parte Rice error was harmless. See Young.
The State has likewise moved that we remand this case to the circuit court for that court to comply with the requirements of the Supreme Court’s decision in Ex parte Rice. However, the State ignores our holding in Young. For the reasons stated by this Court in Young we find no justification for remanding this case to the circuit court for that court to waste its scant judicial resources when it is clear that this claim is proeedurally barred.
Moreover, we have repeatedly held that this Court may affirm a lower court’s ruling on a Rule 32 petition if it is correct for any reason. See Reed v. State, 748 So.2d 231, 233 (Ala.Crim.App.1999); Sumlin v. State, 710 So.2d 941 (Ala.Crim. App.1998); Long v. State, 675 So.2d 532 (Ala.Crim.App.1996); Swicegood v. State, 646 So.2d 159 (Ala.Crim.App.1994); Kil-gore v. State, 643 So.2d 1015 (Ala.Crim. App.1993); Roberts v. State, 516 So.2d 936 (Ala.Crim.App.1987); Jenkins v. State, 516 So.2d 935 (Ala.Crim.App.1987). As the Alabama Supreme Court has stated:
“Although the appellate courts will not reverse a trial court on any ground not presented to the trial court, Norman v. Bozeman, 605 So.2d 1210 (Ala.1992), the appellate courts will affirm the trial court if its ruling is correct on any valid ground or rationale, even one rejected or not considered by the trial court, McKenzie Methane Corp. v. M-W Drilling, Inc., 653 So.2d 982 (Ala.1995), and Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988).”
Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 872 (Ala.1999) (final emphasis added).
For the reasons stated above, Davis’s application for rehearing is due to be overruled.
APPLICATION OVERRULED.
McMILLAN, PH., and BASCHAB, SHAW, and WISE, JJ., concur.

. The Alabama Supreme Court has stated that this rule allows a court to dismiss a Rule 32 petition without a response from the State. See Bishop v. State, 608 So.2d 345 (Ala.1992).

. The Supreme Court has continued to limit Rule 32 petitions. For example, the Supreme Court has amended Rule 32.2(c), Ala.R.Crim. P., effective August 1, 2002, to change the limitations period from two years to one year. This amendment was in response to the enormous increase in the filing of postconviction petitions.

.Amendment No. 328, § 6.11, Ala. Const. 1901.