David Naismith, the appellant, was convicted of robbery in the first degree and was sentenced to life imprisonment without parole as a habitual felony offender. He raises three issues on this direct appeal from that conviction.
 I.
The appellant's motion to dismiss the indictment because the indictment did not state the "correct owner of the alleged property" (R. 77) was properly denied.
The indictment charged the theft of "U.S. currency, . . . the property of First Alabama Bank." CR. 6. The evidence showed that First Alabama Bank was owned by First Alabama Bancshares, Inc., that the currency taken by the appellant was in the "lawful custody" of First Alabama Bank (R. 110), and that "the property of First Alabama Bank is the property of First Alabama Bancshares," (R. 119, 127-28).
 "In an indictment charging robbery the ownership of stolen property is properly laid in the party in possession, either as owner conditional, or bailee, or agent. . . . The indictment need not aver that the person robbed was lawfully in possession *Page 1325 
or the legal custodian of the property stolen. . . . There is no material variance between an indictment which charges that the property taken was the personal property of a named individual and proof showing that the property belonged to another or to a corporation."
Hobbie v. State, 365 So.2d 685, 686 (Ala.Cr.App. 1978).
 II.
In exercising his peremptory strikes against black members of the jury venire, the prosecutor did not violate the principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala. 1987). See also Bui v. State, [Ms. 1911509, November 13, 1992],1992 WL 328989 (Ala. 1992); Huntley v. State, [Ms. 1910530, September 18, 1992], 1992 WL 228152 (Ala. 1992); Harrell v. State,571 So.2d 1270, 1271 (Ala. 1990), cert. denied, ___ U.S. ___,111 S.Ct. 1641, 113 L.Ed.2d 736 (1991).
The prosecutor used four of his 11 peremptory strikes to remove four of the five blacks on the jury venire. Apparently, one black was a member of the jury. At the request of the trial court, which had not made a finding that the appellant had established a prima facie case of racial discrimination, the prosecutor gave the following reasons for the exercise of his strikes.
 1. # 115 — This veniremember had been recently convicted of possession of marijuana, had been recently arrested for harassment after the victim had discussed the matter with the prosecutor, and the prosecutor had filed a motion to revoke the veniremember's suspended sentence on the marijuana charge.
 2. # 61 — This veniremember indicated that her husband was charged with possession of a controlled substance. The prosecutor's notes indicated that this veniremember herself had been arrested for possession of controlled substances.
 3. # 69 — "Our information received from the Dothan Police Department shows that . . . [he] has previously been convicted of a DUI or arrested for a DUI here in Dothan." R. 28.
 4. # 101 — This veniremember indicated during voir dire that "she would have difficulty deciding guilt or innocence because of her moral or religious beliefs." R. 29. In connection with this strike, the prosecutor indicated that he struck two white veniremembers for a similar reason.
The trial court found these "sufficient race neutral reasons." R. 30. Defense counsel presented no evidence in rebuttal.
A veniremember's involvement in or connection with criminal activity may serve as a race-neutral reason for the strike of that veniremember. E.g., Wilsher v. State, 611 So.2d 1175
(Ala.Cr.App. 1992) (one veniremember had been "charged with or convicted of crimes in the past"; another veniremember "had been charged with assault, third degree, and . . . D.O.C.");Whittlesey v. State, 586 So.2d 31, 32 (Ala.Cr.App. 1991) (veniremember had been investigated for rape although grand jury ultimately "no billed" the case); Avery v. State,545 So.2d 123, 126 (Ala.Cr.App. 1988) (veniremember was a "defendant in a pending criminal case"). "This connection with or suspicion of criminal activity includes the juror in question, as well as close relatives and friends of the juror." Heard v.State, 584 So.2d 556, 560 (Ala.Cr.App. 1991). See also UnitedStates v. Alston, 895 F.2d 1362, 1367 (11th Cir. 1990); White v.State, 587 So.2d 1218, 1222 (Ala.Cr.App. 1990), affirmed,587 So.2d 1236 (Ala. 1991), cert. denied, ___ U.S. ___,112 S.Ct. 979, 117 L.Ed.2d 142 (1992); Jackson v. State, 549 So.2d 616,618-19 (Ala.Cr.App. 1989).
Strikes have been upheld where the veniremember expressed actual concern over determining the guilt or innocence of the defendant, see Wilsher v. State, 611 So.2d 1175
(Ala.Cr.App. 1992), as well as where that concern could reasonably be inferred, see Christianson v. State,601 So.2d 512, 514-15 and n. 2 (Ala.Cr.App. 1992) (prosecutor stated that he struck veniremembers who watched soap operas because "[soap operas] always have the wrong person charged, Your Honor. Either the police are in cahoots or they picked up the wrong person and the police just *Page 1326 
don't know it. Prosecutor is a crook and everything is wrong. Leaves them hanging on the end of the seat every day." Strike upheld even though reason facially "extremely weak").
In Walker v. State, 611 So.2d 1133, 1140 (Ala.Cr.App. 1992), this Court held that "[a] prosecutor cannot simply presume, without further questioning to 'dispel any doubt,' that a veniremember, who is under oath, did not answer a question truthfully merely because the prosecutor has hearsay evidence to the contrary." In Williams v. State, [Ms. 90-557, November 13, 1992], 1992 WL 330620, *3 (Ala.Cr.App. 1992), this Court held that "the reason given for striking prospective juror number 24, because a narcotics officer had informed the district attorney's office that he 'knew this juror through his drug work,' without saying more, is not a sufficient ground for a strike, and so is not considered to be a race neutral reason." Both Walker and Williams support the principle that a prosecutor, in exercising a peremptory strike, may not always rely on hearsay information obtained from a law enforcement officer.
Here, the information from the police department was that the particular veniremember had either been arrested or convicted, so that the information obtained from the police department is not susceptible to the same objection as that obtained inWalker. Here, the record does not contain the complete voir dire of the jury venire and, unlike Walker, does not show that veniremember # 69 indicated, in any manner, that he had not been either arrested or convicted for DUI.
In Jones v. State, 611 So.2d 466 (Ala.Cr.App. 1992), this Court addressed a factual situation very similar to that presented here and held that "[u]nder the circumstances presented here, the prosecutor's strike of veniremember # 4 on the ground that the sheriff's department had 'drug problems' with that person was racially-neutral."
 "Our holding in Walker does not apply here because in this case the prosecutor had information from the sheriff's department concerning the basis for each peremptory strike and because the prosecutor did not 'simply presume, without further questioning to "dispel any doubt," that a veniremember, who is under oath, did not answer a question truthfully merely because the prosecutor has hearsay evidence to the contrary.' Walker, supra.
 "Here, the prosecutor did not exercise a 'same name' strike. There is no indication that the sheriff's department was having drug problems with someone named 'Carter' as opposed to this particular veniremember. Here, there was more than the 'mere suspicion' of relationship. See Ex parte Bird, 594 So.2d 676, 683 (Ala. 1991) (a 'prosecutor's self-imposed ignorance [should not] preclude a Batson claim.') (quoting Note, Batson v. Kentucky and the Prosecutorial Peremptory Challenge: Arbitrary and Capricious Equal Protection, 74 Va. L. Rev. 811, 827 (1988). Compare Smith v. State, 590 So.2d 388, 390
(Ala.Cr.App. 1991) (wherein the court, in holding that the defendant may not cross-examine jurors or go behind the prosecutor's information to determine if such information was true, stated that a 'prosecutor may strike from mistake, as long as the assumptions involved are based on an honest belief and are racially neutral')."
Jones, 611 So.2d at 470.
The trial court properly denied the appellant's motion to "quash the jury" and request for a mistrial.
 III.
The two screwdrivers and two license plates seized from the trunk of the appellant's automobile were properly admitted into evidence over an objection that the State had failed to establish a proper chain of custody.
Here, the State failed to establish the "links" in the chain of custody. See Ex parte Holton, 590 So.2d 918, 920 (Ala. 1991). However, a police officer who observed, photographed, and/or seized these items at the scene positively identified the screwdrivers and the license plates introduced *Page 1327 
into evidence as the same ones he observed in the appellant's possession. See Ex parte Jones, 592 So.2d 210, 212 (Ala. 1991) ("[a] gun is properly admitted into evidence when it is identified at trial as being the weapon used in the commission of the offense"). At the time of discovery, the officer noted the numbers on the license plates. Here, there was no reasonable probability that the screwdrivers and license plates introduced at trial were different from the screwdrivers and license plates discovered in the trunk of the appellant's vehicle. See Miller v. State, 602 So.2d 488, 494
(Ala.Cr.App. 1992).
 "The purpose for establishing a chain of custody is to show that the evidence has not been tampered with. . . . When the condition of the evidence is not at issue, however, it is not always necessary to establish a chain of custody."
Pardue v. State, 571 So.2d 320, 329 (Ala.Cr.App. 1989), reversed on other grounds, 571 So.2d 333 (Ala. 1990).
In the alternative, we find that any error underHolton, supra, in the admission into evidence of the actual items was harmless because testimony concerning those items had been admitted without objection and the condition of those items was not an issue in this case. Rule 45, A.R.App.P.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.