The appellant, Douglas Carroll, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama, 1975. Pursuant to the Habitual Felony Offender Act, he was sentenced to 25 years in the state penitentiary.
 I
The appellant argues that the circuit court erred in denying his Batson motion. Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Batson held that black veniremembers could not be struck from a black defendant's jury solely because of their race. 476 U.S. at 89,106 S.Ct. at 1719. In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364,113 L.Ed.2d 411 (1991), the Court extended Batson to apply to white defendants. Batson was further extended to apply to civil cases in Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614,111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The United States Supreme Court in Georgia v. McCollum, ___ U.S. ___, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992), held that Batson was also applicable to defense counsel in criminal trials. See also Lemley v. State,599 So.2d 64 (Ala.Cr.App. 1992). Recently, the Alabama Supreme Court held that the protection of Batson also applied to white prospective jurors. White Consolidated Industries, Inc. v.American Liberty Insurance Co., 617 So.2d 657 (Ala. 1993); see also Williams v. State, 634 So.2d 1034 (Ala.Cr.App. 1993).
The appellant contends that the only black member of the venire was struck from the venire because of her race. The state argues that the appellant's objection was untimely and that the court never ruled on the appellant's motion. It cannot be ascertained from the record when the appellant made hisBatson objection. The record contains the following discussion concerning the Batson issue:
 "THE COURT: Mr. Baugh [Defense Counsel], before we left before lunch, [you] asked the State to make some explanation for its having stricken from the jury S.J., who is the only black juror on the venire, and he indicated he would be prepared to do that.
 "MR. IGOU [Prosecutor]: Yes, sir. Mrs. J., it's our understanding, is related to C.W.J. C.W.J. was a defendant in a criminal case on a charge of murder which was tried — I don't remember if it was this court or Judge Rains' court — either last term — actually, it was begun in one term and was mistried and we tried it again I believe six to eight months ago. He was convicted of the offense of criminally negligent homicide, and he was represented by Mr. Baugh [defense counsel in this case].
 "MR. BAUGH: I'm not aware of any relationship, Judge. If Richard wants to tell what that is. I don't know of any other reason other than the name being J.
 "MR. IGOU: They come from a small community, the same community, and it's our understanding they are all related to each other by blood or marriage.
"(Trial resumed.)
"THE COURT: All right, Mr. Igou, you may proceed."
Because the trial court required the state to provide a reason for its strike, it is not necessary for us to decide whether the Batson objection was timely. "The trial judge's actions are presumptively correct in the absence of a showing to the contrary." Gratton v. State, 456 So.2d 865, 872
(Ala.Cr.App. 1984). Further, by directing the prosecution to proceed after he had heard the state's explanation, the court implicitly overruled the appellant's Batson motion.
No transcript of the voir dire proceedings appears in the record. However, from the conversation quoted above, we can infer only that the state did not elicit any information in voir dire that S.J. was related to C.W.J. "[T]he failure of the State to engage in any meaningful voir dire on a *Page 576 
subject of alleged concern is evidence that the explanation is a sham and a pretext for discrimination." Ex parte Bird,594 So.2d 676, 683 (Ala. 1991). "[I]f the [state] thinks that a veniremember may be related to a former defendant, [the state] must ask the veniremember." Bird, 594 So.2d at 683. "[S]uspicion by the prosecutor is insufficient to rebut the presumption of discrimination." Ex parte Branch, 526 So.2d 609,623 (Ala. 1987). A mere suspicion that a veniremember is related to a former defendant is not a race-neutral reason to deny that person the opportunity to serve on a jury. Floyd v. State,539 So.2d 357 (Ala.Cr.App. 1987).
Here, there was no indication that the state had more than a suspicion that S.J. was related to C.W.J. Cf. Naismith v.State, 615 So.2d 1323 (Ala.Cr.App. 1993) (police department provided information that veniremember had been arrested or convicted of crime); Jones v. State, 611 So.2d 466
(Ala.Cr.App. 1992) (more than suspicion of relationship existed when sheriff's department provided information about veniremember). The fact that S.J. might be related to a person who had previously been prosecuted for a crime is not a race-neutral reason for striking and a strike based on that reason violates Batson. Stating that the citizens of a small community are "all related to each other by blood or marriage" does not add any credibility to the state's reasoning. With the record in the condition that it is, we must reverse the appellant's conviction.
Although we are reversing the conviction on theBatson motion, because one of the remaining issues presented by the appellant in his brief may arise in a subsequent proceeding, we will address it in this opinion.
 II
The appellant also contends that the victim's out-of-court identification was so unduly suggestive that it tainted his in-court identification of the appellant. Before trial, the victim had identified the appellant in a photographic lineup that included photographs of seven individuals. The Alabama Supreme Court has stated:
 "Pre-trial identifications are to be set aside on grounds of prejudice only if the pre-trial identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. Scott v. State, 479 So.2d 1343 (Ala.Crim.App. 1985). The totality of the circumstances surrounding the out-of court identification need be analyzed only when the pre-trial procedures used were unnecessarily or impermissibly suggestive. Coleman v. State, 487 So.2d 1380 (Ala.Crim.App. 1986). The fact that witnesses are shown photographs does not establish suggestiveness. Matthews v. State, 401 So.2d 241
(Ala.Crim.App. 1981), cert. denied, 401 So.2d 248
(Ala. 1981)."
Ex parte Stout, 547 So.2d 901, 904 (Ala. 1989).
A review of the record shows that the out-of-court identification was not unduly suggestive. The victim was not told that the appellant's photograph was in the line-up; he was merely asked to look at the photographs and to determine whether he recognized anyone. The victim identified the appellant from the photographs without hesitation, and he testified at trial that he was positively certain that the man he had picked from the line-up was the robber.
The appellant specifically contends that the photographic lineup was suggestive because the victim had described the robber to the police as looking like Kenny Rogers, and the photograph of the appellant was the only one in the lineup that resembled Kenny Rogers. The out-of-court identification of the appellant was not unnecessarily suggestive. There was no substantial likelihood of misidentification.
Even if we were to assume that the out-of-court identification was unduly suggestive, the victim's in-court identification was independent of the pre-trial identification and was based solely on his recollection of the robbery. The victim testified that, based on his observation of the two people who robbed him at his home, the appellant was definitely the man who robbed him. The victim stood within 10 feet of the appellant for about 15 seconds, and he stated that he was positive that the appellant was the robber. "When an in-court identification of the accused is shown to have a basis independent of any *Page 577 
pre-trial identification, then it is properly admitted into evidence." Clements v. State, 521 So.2d 1378, 1382
(Ala.Cr.App. 1988). For the above-stated reasons, we find that the out-of-court identification of the appellant was not unduly suggestive and that the in-court identification of the appellant had a basis independent of the pre-trial identification.
For the reasons stated in part I of this opinion, the judgment is reversed and this case remanded to the Circuit Court for DeKalb County for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.