987 So.2d 1184 (2006)
Sheri Morton SKELTON
v.
CITY OF MOODY.
CR-05-0944.
Court of Criminal Appeals of Alabama.
September 29, 2006.
Rehearing Denied October 20, 2006.
Certiorari Quashed January 11, 2008 Alabama Supreme Court 1060216.
Jacob C. Swygert, Jr., Birmingham, for appellant.
Troy King, atty. gen., and Corey B. Moore, Moody, for appellee.
McMILLAN, Presiding Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
WISE, J., concurs. BASCHAB and SHAW, JJ., concur in the result. COBB, J., concurs in part and dissents in part, with opinion.
COBB, Judge, concurring in part and dissenting in part.
I concur in that portion of the majority's unpublished memorandum holding that Sheri Morton Skelton failed to preserve for appellate review her challenges to the sufficiency and weight of the evidence. I respectfully dissent from that portion of the majority's memorandum holding that Skelton failed to preserve for appellate review her challenge to the circuit court's order granting the State's motion to reinstate the case against her.
Skelton was found guilty in municipal court of the offense of harassment, a violation of Moody City Ordinance No. M-83-08-08 and of § 13A-11-8(a), Ala.Code 1975. She appealed to the circuit court for a trial de novo, and she again was found guilty. Skelton contends that the circuit court erred in granting the State's motion to reinstate the case against her after the case was dismissed when the prosecutor failed to appear on the original date of trial. The majority ruled that this claim cannot be considered because Skelton failed to preserve it for review on appeal.
The unpublished memorandum reflects the following:
"The parties agree that the case was set for trial on August 11, 2005.[[1]] The case action summary contains the following relevant information:
["August 11, 2005:] On motion of the Defendant, case dismissed.
["August 15, 2005:] Copy to att[orne]ys

*1185 ["August 17, 2005:] Motion for reinstatement of case
["August 22, 2005:] Motion to reinstate is hereby granted. Case rescheduled for trial on Sept[ember] 8, 2005 at 9:00 am
["August 23, 2005:] Copy to att[orne]ys
["August 24, 2005:] Def[endan]t's opposition to the motion for reinstatement of the case
["August 25, 2005:] Defendant's Opposition to the Motion for Reinstatement of the Case hereby set for hearing on Sept[ember] 8, 2005 at 9:00 am
["August 25, 2005:] Copy to [attorneys]
["September 8, 2005:] Trial continued to the week of Oct[ober]31, 2005  Nov[ember] 4, 2005. The docket for said week will be called on Oct[ober] 31, 2005 at 9:00 am"
"[(CR. 15.)]
"The case action summary reflects that, after several continuances, the case came to trial on January 27, 2006. The case action summary does not contain a ruling on Skelton's motion in opposition to reinstatement, and the trial transcript contains no argument or ruling on this issue."
The majority ruled that:
"Review on appeal is limited to matters on which rulings are invoked on the trial level. Ruggs v. State, 601 So.2d 508 (Ala.Crim.App.1992). In the absence of a ruling, a request for a ruling, or an objection to the court's failure to rule, this court has nothing to review. Whorton v. State, 422 So.2d 812 (Ala. Crim.App.1982). Skelton's failure to obtain a ruling on her motion from the circuit court bars this court's consideration of the issue on appeal."
I believe that by conducting the trial on the charge, the trial court implicitly denied the motion. Carroll v. State, 639 So.2d 574, 575 (Ala.Crim.App.1993)("Further, by directing the prosecution to proceed after he had heard the state's explanation, the court implicitly overruled the appellant's Batson [v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)] motion."); R.S.B. v. State, 632 So.2d 23, 24 (Ala.Crim.App.1992)(appellant was adjudicated delinquent, "but was not found to be in need of care or rehabilitation. Section 12-15-65(d) and Rule 25, A.R.Juv.P., state that, upon a finding that the appellant is not in need of care or rehabilitation, the petition is to be dismissed. Rather than dismissing the petition, the court fined the appellant and ordered that he pay court costs. It also released the appellant into his parents' custody. By so doing, the court implicitly found the appellant in need of care or rehabilitation."); Owens v. State, 659 So.2d 977 (Ala.Crim.App.1994)(the circuit court implicitly extends the time for filing a response when it accepts the State's untimely response). Because the trial court implicitly denied the motion, I do not believe that an exception or additional objection to the denial was necessary to preserve this claim for appellate review. It is clear that the court overruled Skelton's motion. Therefore, I dissent because I believe that this issue was preserved for our consideration and that it should be addressed by the majority.
NOTES
[1] The case action summary indicates that the case was continued to July 7, 2005, but it does not contain an entry setting the trial for August 11, 2005.